ALBERT UEBEL, APPELLANT, *v.* SALVATORE MALTESE, RESPONDENT.

1. APPEAL FROM PROBATE COURT TO DISTRICT COURT.—M., who had been acting as administrator of an estate, was removed by order of the Probate Court, and his letters revoked. *Held*, on appeal that M. could appeal under rule 24 of the Supreme Court, without filing any undertaking on appeal in addition to his bonds as administrator.

2. PRESUMPTIONS OF REGULARITY.—Nothing to the contrary appearing, it will be presumed that the Probate Court proceeded regularly in the appointment of an administrator.

Appeal from the Third District Court.

Salvatore Maltese, who had been acting as administrator of the estate of one Berrassa, deceased, was removed from such position by the Probate Court of Salt Lake County, on the petition of Albert Uebel, and the latter appoited in his stead. Maltese appealed to the Third District Court, under rule 24 of the Supreme Court.

No undertaking on such appeal was filed, the appellant therein claiming that as he had given official bonds no additional undertaking was required. When the case was called for trial in the District Court, Uebel, by his attorney, moved to dismiss the appeal there, for want of an undertaking on appeal. Motion denied.

The other facts appear in the opinion of the court.

*Frank Hoffman*, for appellant.

The motion to dismiss the appeal in the District Court should have been sustained.

An appeal from the Probate Court can only be taken by serving and filing the notice, and filing a written undertaking on appeal, within five days thereafter. Pr. Act, § 339; 10 Cal. 31; 15 Cal. 383.

Section 3 of an act of Congress, commonly called the Poland Bill, provides that an appeal shall lie from the judgments of the Probate Court to the District Court in such manner as the Supreme Court of said Territory may, by general rules framed for that purpose, specify and designate, and such appeal shall vacate the judgment appealed from, etc. Rule 22, of the Supreme Court, provides that appeals shall be taken from the Probate Court to the District Court, in the same manner and with like conditions and provisions as are now made by law for appeal from the District Court to the Supreme Court, etc. Rule 24 provides that where an appeal is taken by an administrator who has given official bonds, no additional undertaking need be given. But by the judgment of the Probate Court, the letters of administration granted to Maltese were revoked, and he was no longer administrator.

The proof of Berrassa's death was absolutely necessary to give the Probate Court jurisdiction in the matter of issuing letters of administration to Maltese. 7 Cal. 215; 10 Cal. 110.

If, then, the order was made and the letters were issued on false and fraudulent proof, it was not only within the power of the Probate Court, but it became its duty to vacate the order and revoke the same. 1 Barb. Ch. 302, 452; 41 N. Y. 272; 54 N. Y. 382; 15 Abb. Pr. 36; 24 N. Y. 46.

*Gee & Fishback*, for respondent.

No appearance or objection was entered or made in the Probate Court to the issuance of the letters of administration to Salvatore Maltese, and no appeal was taken by any one from

the order granting the letters to him. See Poland Bill, § 3, C. L. Utah, 24; Rule 23 Supreme Court; 1 Utah, 8.

Letters of administration having been granted to Salvatore Maltese, their production establishes *prima facie* the validity of the appointment, and the presumption is that the statutory requirement was complied with. *Farley* v. *Connell*, 52 N. Y. 630; *Beldan* v. *Meeker*, 47 N. Y. 307.

BOREMAN, J., delivered the opinion of the court:

Salvatore Maltese, the respondent, was granted letters of administration on the estate of Dominick Berrassa, deceased, by the Probate Court of Salt Lake County. Afterwards, Albert Uebel, the appellant, asked the Probate Court to revoke these letters and to appoint him administrator. The Probate Court granted Uebel's request, and thereupon Maltese appealed to the District Court. By the judgment of the District Court, the letters to appellant were annulled and respondent adjudged to be the administrator. Thereupon the appellant brings the case to this court.

The appellant alleges that it was error in the court below to overrule his motion to dismiss the appeal of Maltese from the Probate to the District Court.

We deem that the case of Maltese comes within the 24th Rule of the Supreme Court, regulating appeals from the Probate Court, especially as the revocation of Maltese's lett rs were unauthorized, and he could appeal as an acting administrator.

The facts show that respondent was regularly appointed administrator; that he made his petition to the Probate Court; that the legal notice was properly given, and that thereupon the appointment was made. We are impelled to the conclusion—nothing to the contrary appearing—that the facts required to be shown by section 793 (p. 292), of the Compiled Laws of Utah, were proven in the Probate Court before the issuance of the letters to Maltese.

If the appellant or others desired a different person for ad-

ministrator, they should have appeared, as required by section 789 (p. 291), of the Compiled Laws.

Whether the Probate Court could have made the revocation, is immaterial now, as we consider that if such power exist, that no sufficient showing was made to justify such revocation.

We see no error in the action of the District Court.

Judgment is affirmed, with costs.

SCHAEFFER, C. J., and EMERSON, J., concurred.

Upon petition for rehearing—

BOREMAN, J., delivered the opinion of the court:

We have examined the petition for a rehearing, and find that nothing new is disclosed, nor any reason whatever shown why the case should again be heard by this court. The application for rehearing is therefore denied.

SCHAEFFER, C. J., and EMERSON, J., concur.