DAVID P. WELLS, APPELLANT, v. JOHN KELLY AND OTHERS, RESPONDENTS.[1]

1. SERVICE BY PUBLICATION.—CITATION TO ADMINISTRATOR.—JURIS-DICTION.—QUAERE.—2 Comp. Laws 1888, § 3210, provides that where a person on whom service is to be made resides out of the territory, or cannot after due diligence be found within the territory, the court may grant an order that service be made by publication. Id. § 3211, provides that the order must direct the publication to be made in a newspaper most likely

---

[1] Rehearing granted December 9, 1895, and on rehearing the former judgment approved on the ground that no sufficient under-taking on appeal had been filed. For opinion see *Wells* v. *Kelly*, 12 Utah, ——.

to give notice to the person to be served for such length of
time as may be deemed reasonable at least once a week, "but
publication against a defendant residing out of the territory
or absent therefrom, must not be less than one month," and
that "the service of the summons is complete at the expira-
tion of the time prescribed by the order of publication." Id.
§ 4291 (Probate Act) provides "the citation must be served in
the same manner as a summons in a civil action." Id. § 4293
provides that "when no other time is specially prescribed in
this act, citation must be served at least five days before the
return day thereof." Id. § 4295 provides "except as otherwise
provided in this act, the provisions of the Code of Civil Pro-
cedure are applicable to and constitute the rules of practice
in the proceedings mentioned in this act." The citation was
issued by the probate court of Box Elder county on October
23, 1893, to appellant, administrator, and returned by the
sheriff October 26, 1893, that administrator cannot be found
within the territory. On October 26, the court made an order
"that a new citation be published once a week for four
successive weeks" in a certain paper in lieu of personal ser-
vice, requiring the administrator to appear November 27, 1893.
The first publication was made October 28 and the last on
November 18, 1893. The appellant did not appear and the
hearing was had on the 27th of November, when he was re-
moved from his administratorship, and his sureties discharged.
*Held*, that the last insertion of the notification was complete
on the 25th, and the fact that the hearing was not set or had
until the 27th did not leave the court without jurisdiction,
since the publication was complete before the day on which
the case was set for hearing, and was a compliance with the
order of publication. *Quaere.* The order of publication hav-
ing been made on the 26th of October and inserted in the
newspaper once a week for four weeks, was not the construct-
ive service complete within thirty days and on the 25th of
November? and did not the administrator have five days' time
(or until December 1) from the completion of the constructive
service to appear and answer the citation, and was not the
hearing on November 27 premature, and the orders then made
void for want of jurisdiction?

2. APPEAL FROM PROBATE COURT BY ADMINISTRATOR.—UNDERTAK-
ING ON APPEAL.—The Supreme Court Rule 24 (9 Utah, 521),
providing that on appeal from a probate court to a district
court by an administrator who has given official bonds, there
need be no additional undertaking, does not apply to a case
where the sureties have been discharged before the taking of
the appeal.

(No. 543.   Decided June 12, 1895.   40 P. R. 705.)

Appeal from the District Court of the Fourth Judicial District.   Hon. James A. Miner, *Judge.*

In the matter of the estate of H. C. Wells, deceased, John Kelly and others applied for removal of David P. Wells, as administrator.   His appeal to the District Court from the order of the probate court removing him, was dismissed and he again appeals.   *Affirmed.*

The opinion states the facts except the following:   2 Comp. Laws 1888, § 3210, provides that where a person on whom service is to be made resides out of the territory, or cannot after due diligence be found within the territory, the court may grant an order that service be made by publication.   Id. § 3211, provides that the order must direct the publication to be made in a newspaper most likely to give notice to the person to be served for such length of time as may be deemed reasonable at least once a week, "but publication against a defendant residing out of the territory or absent therefrom, must not be less than one month," and that "the service of the summons is complete at the expiration of the time prescribed by the order of publication."   Id. § 4291 (Probate Act) provides "the citation must be served in the *same manner as a summons in a civil action.*"   Id. § 4293, provides that "when no other time is specially prescribed in this act, citation must be served at least five days before the return day thereof."   Id. § 4295, "Except as otherwise provided in this act, the provisions of the Code of Civil Procedure are applicable to and constitute the rules of practice in the proceeding mentioned in this act."

*Mr. R. H. Jones,* for appellant.

*Mr. Nels Jensen* and *Mr. T. D. Johnson,* for respondents.

BARTCH, J.:

This controversy first arose in the probate court of Box Elder county over an order of that court revoking the letters of administration of the appellant, who had been appointed administrator of the estate of Henry C. Wells, deceased. There were also several other orders made, among them being one discharging the sureties of the appellant. From all of these orders an appeal was taken to the District Court of the Fourth Judicial District, and the appeal to this court is from an order of the district court dismissing the appeal taken from the orders of the probate court.

The facts disclosed by the record are, substantially, that the appellant was appointed administrator of the estate of Henry C. Wells, deceased, by the probate court on November 16, 1892, and thereupon gave bond and qualified as provided by law; that on October 23, 1893, C. A. Wells and John Kelly petitioned the probate court to remove him from the office of administrator, charging waste, fraud, and mismanagement of the estate, and removal from the territory of Utah; that thereafter said court suspended his powers as administrator, and issued a citation for him to appear and show cause why he should not be removed from office; that the sheriff, who attempted to serve said citation, made return on October 26, 1893, that the said administrator could not, after due diligence and inquiry, be found within the territory of Utah; that then, by order of the court, the citation was published in a newspaper once a week for four weeks; that on the 23d day of October, 1893, the sureties on appellant's official bond petitioned the court to be released from all responsibility for all his future acts as administrator; that a hearing

was had, on the several petitions, on the 27th of November, 1893, when appellant was removed from office, his sureties discharged, and John Kelly appointed administrator in his place; that from all these orders the deposed administrator appealed to the district court, but filed no undertaking on appeal, and, because of the failure to file such undertaking, the district court, on motion of counsel for the respondents, dismissed the appeal.

Under this state of facts, counsel for the appellant claims that the several orders appealed from are void, because the service of the citation on the administrator, by publication, was not properly made, and that, therefore, the probate court was without jurisdiction. The order of the court was that the citation be published once a week for four successive weeks, and, while the record does not refer specifically to each day on which it appeared in the newspaper designated, still it is clear from the affidavit of publication that it appeared the first time on the 28th of October, and the last time on the 18th of November, 1893, and the hearing was set for the 27th of November, 1893. At the oral arguments in this court it was admitted that there were four regular insertions of the notice in the weekly newspaper designated in the order of the court. The last insertion having occurred on the 18th of November, the publication was complete on the 25th, and the fact that the hearing was not set or had until the 27th of November did not leave the court without jurisdiction, because the publication was complete before the day on which the case was set for hearing, and this was a compliance with the order of publication. The authorities cited by counsel for the appellant on this question are not in point, because they refer to cases where the hearing was had before the publication was complete. The law is too well settled to require reference to authorities that

where jurisdiction depends on the publication of a notice, and the trial of the cause is proceeded with before such publication is complete, the court acts without jurisdiction, and its orders are void; but such is not the case at bar, for here the publication was complete, and another insertion in the newspaper was not necessary, under the order of the court. It is manifest from the record that the court had jurisdiction to make the order in question.

Counsel for appellant also insists that, under the rules of practice in this territory, an undertaking on appeal was not necessary in this case, and that the district court erred in dismissing the appeal from the probate court. He refers to rule 24 of this court (25 Pac. vii), and to the case of *Uebel* v. *Maltese,* 2 Utah, 430, to sustain his position on this point. A perusal of rule 24 will show that it does not apply to a case like the one at bar at all. It applies to any case where an administrator has given an official bond which, at the time of taking an appeal, is in full force and virtue; but this does not include a case like this one, where the sureties were discharged at their own instance, before the appeal was taken. In such case, the appellant, in order to make his appeal effectual, must file a sufficient undertaking. Nor does the case of *Uebel* v. *Maltese,* avail the appellant, or conflict with the views herein expressed; for in that case, only the letters of the administrator having been revoked, and his official bonds not having been affected, this court held, in conformity with rule 24. that it was not necessary to file an undertaking on appeal in addition to his bonds as administrator.

We are of the opinion that the appeal from the probate to the district court was properly dismissed. Having reached this conclusion, we do not deem it necessary to decide what effect an appeal has on the judgment appealed

from, under the provisions of the Poland bill. There appears to be no reversible error in the record. The judgment is affirmed.

MERRITT, C. J., and SMITH and KING, JJ., concur.