[L. A. No. 821.   In Bank.—January 16, 1900.]

# In the Matter of the Estate of WILLIAM McDERMOTT, Deceased.

APPEAL—OFFICIAL BOND OF EXECUTOR OR ADMINISTRATOR — CONSTRUCTION OF CODE.—Section 965 of the Code of Civil Procedure only permits the official bond of an executor, administrator, or guardian, who is such at the time of taking the appeal, to stand in place of an undertaking on appeal. The averments of such bond do not make it on its face an undertaking on appeal, and the sureties thereon are only liable by virtue of the provisions of that section, and cannot be charged by virtue of that section, unless the case is strictly within its terms.

ID.—APPEAL BY RESIGNED ADMINISTRATRIX — ORDER DISALLOWING ACCOUNTS—ABSENCE OF SEPARATE UNDERTAKING—DISMISSAL.—An appeal from an order disallowing accounts, taken by one who had prior to the appeal resigned the position of special administratrix, and who had requested and secured the appointment of the public administrator in her stead, cannot be sustained by the official bond given by her as special administratrix, regardless of the correctness of the action of the court in making the change without the settlement of her accounts; and in the absence of a separate undertaking the appeal must be dismissed.

ID.—APPEAL BY SURETY—PARTY NOT AGGRIEVED — INTERVENTION—DISMISSAL.—A surety on the bond of an administratrix is not a party aggrieved by an order disallowing her accounts, and has no right of appeal therefrom merely by reason of such suretyship, if not made a party to the record by proper intervention. A petition in intervention by the surety merely for the purpose of appeal from the order, and an allowance thereof by the superior court can have no significance or effect; and the appeal must be dismissed.

MOTION to dismiss appeals from an order of the Superior Court of Los Angeles County disallowing an account of a special administratrix. John L. Campbell, Judge, presiding.

The facts are stated in the opinion of the court.

Miller & Brown, and Albert J. Sherer, for Appellants.

Zach Montgomery, and Leon F. Moss, for Respondents.

McFARLAND, J.—The transcript shows two appeals—one by Carrie McDermott, who was at one time the special admin-

istratrix of the estate of William McDermott, deceased, and the other by the Fidelity and Deposit Company of Maryland, a corporation, claiming to have been surety on a bond of said Carrie as such special administratrix; and the case is now before the court on a motion to dismiss said appeals. The appeals are from an order of the lower court made June 23; 1899, disallowing an account of said Carrie as such administratrix.

There is no bill of exceptions as provided for in rule XXIX of this court, and no attempt to otherwise identify the papers and evidence used on the hearing of the motion in the court below, and therefore one of the grounds of the motion to dismiss, applicable to both appeals, is want of a properly authenticated record on appeal; but we do not deem it necessary to determine whether, in this particular case, the defect in the record is ground for dismissing the appeals, or whether it would only have been ground for affirming the judgment had the whole case been submitted, because we think that each appeal must be dismissed upon other grounds stated in the motion.

One of the grounds for dismissing the appeal of Carrie McDermott is that she gave no undertaking on appeal. The fact that she gave no such undertaking is admitted; but she contends that her bond as special administratrix stands in lieu of an undertaking on appeal under section 965 of the Code of Civil Procedure, which provides that when an executor, administrator, or guardian, who has given an official bond, appeals from a judgment or order made in proceedings had in the estate of which "he is the executor, administrator, or guardian," his official bond shall stand in the place of an undertaking on appeal. But when this appeal was taken the said appellant was not the administratrix of said estate. On June 13, 1899, she filed her written resignation as administratrix, and in said resignation requested that C. G. Kellogg, public administrator, be appointed special administrator of the estate; on the same day Kellogg filed his petition for appointment as special administrator, in which he stated that appellant Carrie, who was the widow of the deceased, requested his appointment; and on the next day, June 14th, the court appointed Kellogg as such administrator. This appeal was not taken until August 17, 1899, more than two months after she had resigned and her successor

had been appointed at her request. The covenants of an administrator's bond do not make it, on its face, an undertaking on appeal, and it becomes such, under certain circumstances, only by virtue of the provision of said section 965; and, as a surety always stands strictly on the terms of his contract, he cannot be charged by virtue of the section of the code relied on, unless he be within its strict terms. But the code provision covers only the case of an appeal taken by one who, at the time of the appeal, "is" administrator, and does not include a case where the appealing party is not an administrator. Nor are we called upon to examine the point, now made here by appellant, based upon section 1427 of the Code of Civil Procedure, that the action of the court in accepting her resignation and appointing her successor before her accounts had been settled was erroneous or invalid; having herself invoked that action by the court she cannot now be heard to assail it. For the foregoing reasons her appeal must be dismissed.

2. The appeal of the Fidelity and Deposit Company must be dismissed because it is not a "party aggrieved," who has a right to appeal within the meaning of section 938 of the Code of Civil Procedure. It bases its right to appeal upon the fact that it was surety on the bond of the other appellant, Carrie. The transcript does not really show, by anything that is properly a part of the record on this appeal, that said company was surety on said bond; but, if we assume that to be a fact, it has still no standing here as an appellant. A surety, merely as such, has no right to appeal from a judgment against the principal. In order to be entitled to an appeal under the section of the code above referred to, a person must have been a party to the action or proceeding in the court below. This does not mean that he must have been an original party when the action or proceeding was first instituted, but he must have made himself a party afterward by some appropriate action, and the record must show that he was such a party. This is the general rule, and this case is not an exception. (Hayne on New Trial and Appeal, sec. 203, and cases there cited; *In re Ryer*, 110 Cal. 556.) In the case at bar, this appellant did not seek to intervene, or to appear in any way in the court below before the decision from which he seeks to appeal; nor did he after-

ward move to set aside or in any way attack the order. The transcript contains a copy of what is called a "petition in intervention" made by the appellant after the order appealed from, in which it prays "that it be permitted to intervene in the above court and cause and become a party thereto for the purpose of appeal from said order to the supreme court of the state of California, and that it be permitted to so appeal"; and there also appears in the transcript what purports to be a copy of an order of the court giving permission to file the intervention, "and to appeal from the order of the superior court," etc. It can hardly be gravely claimed that this petition and order are authenticated parts of the record on this appeal; but, even if they could be so considered, there can be no intervention after trial and judgment, and an order of the court below allowing the appeal has no significance whatever.

The motion to dismiss said two appeals is granted, and both said appeals are hereby dismissed.

Harrison, J., Van Dyke, J., Garoutte, J., Henshaw, J., and Temple, J., concurred.