[S. F. No. 3505.   In Bank.—June 5, 1903.]

In the Matter of the Estate of WARREN D. HEATON, Deceased.

ESTATES OF DECEASED PERSONS—ORDER SETTLING ACCOUNT—APPEAL—
  MOTION TO DISMISS—MERITS OF CASE—PARTY AGGRIEVED.—Upon
  an appeal from an order settling the accounts of a special ad-

[1] 73 Am. St. Rep. 52.

ministrator, and directing him to pay the balance in his hands to another special administrator, the appellant is a party aggrieved, if the order is erroneous; and it will not be determined upon a motion to dismiss such appeal that there is no error upon the merits of the case, and that the appellant is not a party aggrieved.

MOTION to dismiss an appeal from an order of the Superior Court of Alameda County settling the account of an administrator and directing him to pay over money. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Edwin A. Meserve, and Henry C. McPike, for Appellant.

Frederick E. Whitney, and Reed & Nusbaumer, for Respondent.

BEATTY, C. J.—This is a motion to dismiss an appeal. The order appealed from settled the account of a special administrator as presented, and directed him to pay the balance in his hands to another person described as special administrator. The former appeals, and the latter moves to dismiss his appeal upon the ground that he is not a party aggrieved. (Code Civ. Proc., sec. 938.) But if the order is erroneous he is aggrieved, for it runs against him, is enforceable against him, and commands him to pay money to a person who is not entitled to receive it. To determine that he is not aggrieved is therefore to determine the merits of the appeal. This cannot be done without a hearing upon the merits and an examination of the record, and it is the settled practice of the court not to decide whether an order or judgment is or is not erroneous on a motion to dismiss.

The cases called to our attention are not in conflict with this view. In *Rankin* v. *Central Pacific R. R. Co.*, 73 Cal. 96, the court did not inquire into the correctness of the order appealed from. It simply decided that, whether right or wrong, the party attempting to appeal was not affected by it. Here the appellant is affected by it. It compels him to pay over money. In *Estate of McDermott*, 127 Cal. 450, the appeal was dismissed without reference to the correctness of the order appealed from, because the person attempting to

appeal, although indirectly affected by the order, was not a party on the record. Here he is a party on the record, and, as above stated, his appeal cannot be dismissed, unless we decide on the merits that there is no error disclosed by the record.

Motion denied.

McFarland, J., Angellotti, J., Van Dyke, J., Shaw, J., and Lorigan, J., concurred.