(119 N. W. 35.)

---

L. J. RANSIER *v.* MARY J. HYNDMAN, JOHN HYNDMAN, MARY J. HYNDMAN AS GUARDIAN OF JOHN HYNDMAN AND ARCHIBALD MCLEAN, THE UNKNOWN HEIRS OF CHARLES KOLMAN, DECEASED, AND ALL PERSONS INTERESTED IN SAID ESTATE.

Opinion filed January 13, 1909.

**Wills — Undertaking — Appeal From Order Revoking Letters.**

> Rev. Codes N. D., 1905, section 7968, which exempts an administrator, executor or guardian from the necessity of giving an undertaking on appeal in certain cases, does not apply to one who appeals from a decision of the county court revoking the probate of a will and also his letters of administration issued under such will.

Appeal from District Court, Towner county; *Cowan,* J.

Action by L. J. Ransier against Mary J. Hyndman and others. Judgment for plaintiff, and defendant McLean appeals.

Affirmed.

*Fred E. Harris* and *William Bateson,* for appellant.

Where an appeal affects the estate, or the administrator jointly with the estate, it may be taken and the administrator's official bond alone is sufficient. 2 Cranch C. C. 200; Sawyer v. Cheney, 59 Ga. 368; Uebel v. Maltese, 2 Utah, 430; M'Cauley's Admr v. Griffin's Ex'or, 4 Grat. 9; 2 Munf. 341; 1 Rand. 393; Erwin v. Erwin, 61 S. W. 159; 42 S. W. 578; 28 S. W. 236; 45 S. W. 827; 27 Ark, 599; 27 Ga. 330; 84 Ind. 272; 25 Miss. 463; 42 Mo. 376; 59 N. H. 90; 2 Pa. St. 404; 91 Ind. 378; Fuller v. Fuller's Estate, 44 Pac. 72.

*Davis & Sennett,* for respondent.

Where the appeal affects only the administrator's interests personally, apart from those of the estate, he must furnish a regular appeal bond. Butler v. Jarvis, 117 N. Y. 115, 22 N. E. 561; Erlanger v. Danielson, 26 Pac. 505; In re McDermott's Estate, 59 Pac. 783; Fuller v. Fuller's Estate, 44 Pac. 72; Coutlet v. Atchison, 52 Pac. 68; Mallory v. Burlington, etc. & Co., 36 Pac. 1059; In re Skerrett's Estate, 22 Pac. 85.

Fisk, J. This is an appeal from a judgment of the district court of Towner county dismissing an appeal taken to that court from a decision of the county court holding the will of one Charles Kolman, deceased, void, and revoking the probate of such will and the letters of administration issued to appellant Archibald McLean thereunder, and appointing L. J. Ransier administrator of the estate. Such appeal was dismissed by the district court upon the ground that no undertaking on appeal had been given; and the sole question here involved is whether under section 7968, Rev. Codes 1905, such an undertaking was necessary. This section provides: "An executor, administrator or guardian may appeal without filing an undertaking from a decree or order made in any proceeding in a case in which he has given an official bond; and when he appeals in that manner the bond stands in place of such undertaking. A special guardian may appeal without filing an undertaking although he has not given bond, but the appeal will not operate as a stay unless taken from an order which grants or refuses a transfer of the case." We are entirely clear that the judgment of the district court was correct, and must be affirmed. The appellant, as well as the other parties who joined with him in appealing from the decision of the county court, were not absolved by the provisions of said section from giving the undertaking on appeal required by law. Appellant McLean at the time such appeal was taken was not an executor, administrator, or guardian within the meaning of said statute. His letters of administration had been revoked by the county court. Therefore he was not acting nor could he act for and in behalf of the estate in taking the appeal; and it is too plain for discussion that none of such other parties came within the provisions of said law. Furthermore, McLean is the only party before this court asking for a reversal of the judgment appealed from.

Without attempting a review of all the authorities upon the question, we call attention to the following, the reasoning in which

we fully approve: Coutlet v. Atchison, etc., R. Co., 59 Kan. 772, 52 Pac. 68; Mallory v. Burlington, Pac. R. Co., 53 Kan. 557, 36 Pac. 1059; Fuller v. Fuller Estate, 7 Colo. App. 555, 44 Pac. 72; Erlanger v. Danielson, 88 Cal. 480, 26 Pac. 505; In re Skerrett's Estate, 80 Cal. 62, 22 Pac. 85; In re McDermott's Estate, 127 Cal. 450, 59 Pac. 783. The statutes in the various states in which the foregoing cases were decided are similar to section 7968, Rev. Codes N. D., above quoted. In Erlanger v. Danielson, supra, Temple C., said: "It is also contended that no bond was required under section 965 (Code of Civil Procedure). We cannot agree with this contention. * * * We think it equally evident that section 965 has no application to this case. This is not a proceeding upon the estate of which he was administrator within the purview of that section. In the first place, he was not administrator. Whatever effect his appeal, when perfected, would have upon the order removing him, it was in full force until then. It follows that, when he filed his notice, he was not such officer, and then had no administrator's bond. Suppose the contrary were held, and the order removing him was affirmed. How could his sureties be held for costs incurred after his duties as administrator has ceased? But the section has reference to matters in which the estate is interested. This is his personal matter. The undertaking of his sureties is that he shall faithfully perform the duties of his office. How can he be said to be discharging official duty in appealing from an order relieving him from such duty?" The Kansas court in Coutlet v. Atchison, etc., R. Co., supra, after quoting their statutory provision to the effect that no executor or administrator shall be required to give bond to entitle him to appeal, said: "The plaintiff in error contends that under the last sentence of this paragraph of the statute she was exempt from the obligation to give an appeal bond. In this she is in error. When the order removing her was made by the probate court, she was no longer administratrix. Her appeal from that order was not appealed in behalf of the estate, or in furtherance of the trust she had been filling. Her appeal was in assertion of a personal right only." To the same effect are the holdings in the other cases.

Counsel for appellant has called our attention to certain authorities which we have examined, and, with the exception of the case of Uebel v. Maltese, 2 Utah, 430, we do not deem them in point as

supporting appellant's contention. It will be found by examination that they merely recognize the general rule of construction of similar statutes, that the executor or administrator is absolved from giving an appeal bond only in those cases where the object of the appeal is to assert the rights or protect the interests of the estate which he represents. The Utah case above referred to involved a construction of the twenty-fourth rule of the Supreme Court regulating appeals from the probate court. The opinion does not enlighten us as to the provisions of this rule, and, not being advised with reference thereto, we are unable to determine whether the case supports appellant's contention. No authorities are cited in the opinion of the court.

The judgment appealed from being correct, the same is accordingly affirmed. All concur.