This appeal is from a decree of partial distribution, and is brought here on what is termed the judgment-roll without a bill of exceptions. In such case all presumptions are in favor of the regularity of the judgment and decree of the trial court.
The record contains the will of deceased filed in the clerk's office in May, 1906. By its provisions the entire estate is left to the Regents of the University of California, a corporation. It is further provided therein that the deceased did not desire that any portion of his estate should go to his heirs, if any heirs should survive him; and that in case, by reason of the provisions of section 1313 of the Civil Code or otherwise, all of his property could not be distributed to the Regents of the University, then all such residue to be given to W. H. Crocker and other parties named in the will, and appellant was not one of such parties.
In November, 1906, the petition for partial distribution to the said Regents of the University was filed. An order was duly made, designating a time and place for hearing said petition, and the clerk of the court gave notice to all persons interested to appear at said time and place so designated and show cause, if any they had, why such decree should not be made. The time designated in the notice was December 10, 1906, and the notice was posted in three of the most public places in the county at least ten days before the time so set for hearing.
The next information given by the record is as to the filing of a petition for partial distribution to herself by the appellant on the eighteenth day of March, 1909, in which it is alleged that she is the assignee of one Dennis Kearney, and that said Dennis Kearney was the sole surviving heir at law of said M. Theodore Kearney, deceased. The court thereupon, on the filing of such petition by appellant, made an order, fixing the twenty-sixth day of March, 1909, as the time for hearing appellant's petition for partial distribution, which order directed notice of the time and place to be personally served upon the Mercantile Trust Company, the executor of the will of deceased. On the nineteenth day of March, 1909, the court *Page 95 
made the decree of partial distribution herein appealed from, by which it distributed the greater portion of the said estate to the Regents of the University of California in accordance with the will. This decree recites and finds that no one appeared or opposed the petition for such distribution; that the deceased left no legal heirs surviving him; that the Regents of the University of California, a corporation, is the sole devisee. The record not only fails to show that any objection of any kind was made by the appellant to the petition of the Regents of the University, but it does not show that notice of the petition filed by appellant was personally served upon the executor of the will of deceased or upon the Regents of the University, or that they or either of them had any notice of it at the time the petition of the Regents of the University came on for hearing. It is shown that the notice of appellant's petition for partial distribution was personally served on the executor on the nineteenth day of March, 1909, but such fact is perfectly consistent with the fact that such service was made after the decree complained of had been made and signed. In fact, it is perfectly consistent with the record here that the petition of appellant had been withdrawn at the time of the decree to the Regents of the University so made, There is nothing to show what the evidence was on the hearing of the petition, or that appellant had any interest in the estate, or that her assignor was an heir at law of the deceased. It is claimed that notice of the application for partial distribution was not given personally to the executor. It is sufficient that the decree recites that the executor appeared at the hearing by its attorney. We must presume that it was personally served, and whether it was or not, the appearance by its attorney is conclusive as to the executor having received notice. (Estate of Johnson, 45 Cal. 257; Ahila
v. Padila, 14 Cal. 103.)
It is next claimed that the petition of appellant being on file at the time the petition of the Regents of the University came on for hearing, it was the duty of the court to take judicial notice of such petition, and to continue the hearing so that both petitions could be heard at the same time. We are cited to no authority supporting such proposition, and we do not know of any, nor in our opinion was it the duty of the trial judge to act as attorney for the appellant or for either *Page 96 
of the parties. The appellant had notice of the application made by the Regents of the University, and had not appeared or filed any answer or objections to such petition. We must therefore affirm the decree, and it is so ordered.
Kerrigan, J., and Hall, J., concurred.