[S. F. No. 15396. In Bank.—August 20, 1935.]

In the Matter of the Estate of ISAAC LEVY, etc., Deceased. ABE LIPTON et al., Respondents; EYRLE R. LEVY, Individually and as Executor, Objector; ALVIRA DAVIS, Appellant.

G. C. Ringole for Appellant.

David D. Oliphant, Jr., for Respondents.

WASTE, C. J.—Motion to dismiss appeal from an order of partial distribution upon the ground that the appellant is not a party to the proceeding nor aggrieved by the order.

The will of the decedent was admitted to probate on June 14, 1932. It bequeathed the respondents $5,000 to be equally divided among them. A person bearing the same name as the appellant was also named as a specific legatee. During the course of the probate proceeding the respondents petitioned for distribution of their legacy. The executor filed written objections thereto. Thereafter the probate court made its order granting the petition and ordering distribution to the respondents. It is this order from which the appeal has been taken.

██ The affidavit of the county clerk filed in connection with the respondents' motion to dismiss avers that at the time of the hearing upon the petition for partial distribution the pleadings consisted solely of the petition and the written objections of the executor, nothing having been filed, by way of objection or otherwise, by the appellant. However, it appears from the affidavit of counsel filed in support of the motion to dismiss that at the time of the hearing of the respondents' petition for distribution, counsel appeared for and on behalf of Alvira Davis and orally objected to the granting of the petition. It also appears from the latter affidavit that the order granting the petition recites that Alvira Davis appeared by counsel.

Under the circumstances, we cannot accept respondents' conclusion that the appellant is not a party to the proceeding and therefore not entitled to appeal from the order. ██ In our opinion, written opposition was not indispensable to constitute the appellant a party within the meaning of section 938 of the Code of Civil Procedure so as to afford her a right of appeal. Section 1000 of the Probate Code, which provides for partial distribution and gives "any person interested in the estate" the right to resist any application therefor, is silent as to any requirement of written opposition by such "interested" person. *Estate of Murphy,* 145 Cal. 464, 468 [78 Pac. 960], and *Estate of Kearney,* 13 Cal. App. 92, 95 [109 Pac. 37], contain language tending to indicate that any form of opposition, oral or written, by or on behalf of such "interested" person will suffice. In *Estate of Benner,* 155 Cal. 153, 154 [99 Pac. 715], a sister of the decedent, who had not appeared at the hearing of the petition for distribution, appealed from the order distributing certain undisposed of property to the father of decedent as heir at law. The opinion states: "It is first urged by respondent that upon this appeal appellant is not entitled to a bill of exceptions, and that the bill of exceptions actually settled by the court should not here be considered. In this respect an analogy is sought to be drawn between the case of a devisee, heir at law, or distributee who fails to make personal appearance upon such a hearing, and that of a defaulting defendant in a civil action. . . . We hold, however, that in cases of this character an appellant in every proper case is entitled to his bill of excep-

tions, and that without the necessity of first appearing in person in advocacy of or opposition to the matter pending for determination.''

The authorities relied on by the respondents in support of their motion to dismiss are distinguishable. *In re Ryer*, 110 Cal. 556 [42 Pac. 1082], presented a situation wherein the complaining beneficiary offered no opposition, either orally or in writing. In *Estate of McDermott*, 127 Cal. 450 [59 Pac. 783], no opposition of any kind had been offered in the trial court by the appellant surety whose appeal was dismissed. The remaining cases cited by respondents are distinguishable on their facts. We shall not pause to discuss them.

In 2 Hayne on New Trial and Appeal, section 203, it is said: ''In all of the above cases, however, it is essential that the record should show affirmatively the interest of the person who seeks, as a party aggrieved . . . to prosecute an appeal, if he is not a formal party thereto. 'One not a party to an action or proceeding may sometimes appeal, but in some way his interest must be made to appear in the record.' It may be doubted if the rule above stated is strictly applicable to probate proceedings. In probate matters several distinct classes of individuals are interested . . . in the various steps taken in the settlement of estates. Almost every important step affects one or another of these classes, either directly or indirectly, and although neither heirs, devisees, legatees or creditors may be otherwise than nominally privy to the record, they may be often aggrieved by the court's action. If so, it is well settled that they may prosecute an appeal therefrom; provided the particular order is one of those made appealable by statute. . . . ''

In conclusion, we find nothing of merit in the contention that the record is silent as to whether the appellant is the same Alvira Davis named in the will. The order appealed from and the moving papers disclose, as stated, that counsel acting for and on behalf of Alvira Davis appeared at the hearing upon the petition for partial distribution and orally opposed the same. Thereafter said counsel was served with and on behalf of Alvira Davis receipted for a copy of the order granting such distribution and subsequently noticed an appeal therefrom. For present purposes, it will be presumed that appellant is the Alvira Davis named in the will. (Sec. 1963, subd. 25, Code Civ. Proc.) No attempt is made to affirma-

tively assert that she is an interloper and not the legatee named in the will.

The motion is denied.

Seawell, J., Langdon, J., Preston, J., Shenk, J., and Curtis, J., concurred.