## MEAD v. WELCH, Internal Revenue Collector.
### No. 8546.

Circuit Court of Appeals, Ninth Circuit.

March 23, 1938.

Claude I. Parker, Ralph W. Smith, and Ralph Kohlmeier, all of Los Angeles, Cal., for appellant.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Helen Carloss, and Julian G. Gibbs, Sp. Assts. to the Atty. Gen., and Peirson M. Hall, U. S. Atty., E. H. Mitchell and Alva C. Baird, Asst. U. S. Attys., and Eugene Harpole, Sp. Atty., Bureau of Internal Reve-

nue, all of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant was appointed executrix of the will of her husband, William Mead, who died November 23, 1927. A deficiency in estate taxes was assessed against her, which she paid. Upon the rejection of her claim for a refund she brought suit to recover the amount exacted. From an adverse judgment in the court below, she appeals.

The sole question presented by the appeal is whether the estate of the decedent was entitled to any deduction for federal estate tax purposes because of the bequest made to a trust described in the will as "Mead Housing Trust," as a gift to charity under section 303(a) of the Revenue Act of 1926, 44 Stat. 72.

The pertinent part of decedent's will is as follows: "1st. I appoint my wife Nella Wilde Mead sole executrix hereof without bond, and will and direct that there be paid and distributed to her all my property, real, personal, and mixed, for and during her natural life, and for her own use, with power to sell, convey, assign, transfer, collect, invest, and re-invest the same, or any part thereof, or the proceeds thereof, or any part thereof. 2nd. Of the property constituting my estate at her death, I will and direct that the sum of Two hundred thousand ($200,-000.00) dollars in money or property be transferred to the trust executed by myself and wife in December 1926 to William Mead, Nella Wilde Mead, and Edith Wilde Parker, as trustees, the income of which may be used by said trust for the purposes of said trust and the principal shall at the termination of said trust be transferred to the 'Mead Housing Trust' hereinafter described. 3rd. All the remaining property constituting my estate at her death I will and direct be paid and distributed to the Security Trust & Savings Bank, a corporation of Los Angeles, California, [et al.] * * * for the purpose of providing a fund or foundation devoted to charity, which may be known as the 'Mead Housing Trust' to improve the health, safety, and welfare of the inhabitants of Los Angeles County, California, by providing homes on easy payments and without profit for wage earners, and people with small or moderate salaries, and business or professional people with small capital who might otherwise be unable to become home owners. * * *"

It is the gift made under clause third which is involved here. The charitable nature of the bequest is not controverted. The contention of the government is that the value of this bequest is uncertain and cannot be estimated on the basis of any known data; hence, that it is not deductible for federal estate tax purposes, citing Humes v. United States, 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667. The appellant urges that the charitable bequest had an ascertainable value at the time of decedent's death, and that this value was deductible from the gross estate for the purpose of computing the tax, citing Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647.

The pertinent treasury regulation (Article 44 of Regulations 70) provides that: "Where a trust is created for both a charitable and a private purpose deduction may be taken of the value of the beneficial interest in favor of the former only insofar as such interest is presently ascertainable and hence severable from the interest in favor of the private use."

The specific question is whether under the will the widow received a life estate only, with no power on her part to consume the principal; or whether, as argued by the government and as held by the trial court, she had the right, at her discretion, to invade the corpus. There are alternative questions, but it will not be necessary to state or consider them.

On the oral argument it was conceded by counsel for the government that clause first in the quoted portion of the will does not, standing alone, give to the widow more than a life estate, and that in it no power is to be found on the part of the life tenant to consume the principal. But it is contended that the clause, when read in connection with the phraseology of the two ensuing clauses, clearly indicates the intent on the part of the testator to empower the widow to consume, without definite limit, the corpus of the estate. The language of the second clause, "of the property constituting my estate at her death," and of the third clause, "all the remaining property constituting my estate at her death," is said to be apt only if the widow is intended to have such power. Reasoning from this construction, it is

said that only by speculation and conjecture can any definite value for tax purposes be placed on the charitable bequest as of the date of decedent's death; hence, that the value of the charitable interest is not deductible under the statute or regulation.

■ We are unable to agree with this construction of the will. It is to be observed that the widow is given the power to "sell, convey, assign, transfer, collect, invest and reinvest." At the time of her death the property constituting the estate may be entirely different from that left by the decedent. It seems more reasonable to interpret the phrase "of the property constituting my estate at her death" as having reference to the estate in the form in which it may then exist. The language of clause third, "all the remaining property constituting my estate at her death," would seem to have reference to the estate remaining after the sum specified in clause second has been carved out of it, rather than to have reference to so much of the estate as may be left unconsumed by the first taker. As bearing on the intent of the testator, there is the further circumstance, disclosed in the record, that Mrs. Mead had a very large estate of her own.

■ The decedent was a resident of California. In that state, a life estate with power to sell the property is not, because of such power of sale, enlarged to a fee estate. Luscomb v. Fintzelberg, 162 Cal. 433, 123 P. 247. Likewise, in California, one to whom property is bequeathed for use during life may not impair the principal; the word "use," standing alone, indicating a use without impairment of the corpus. 16 Cal.Jur. 373; Hardy v. Mayhew, 158 Cal. 95, 110 P. 113, 139 Am.St.Rep. 73.

■ The present worth of the charitable bequest was ascertainable on an actuarial basis and should have been deducted in determining the estate tax.

■ On the appeal, for the first time, the government contends that, even if it be held that the bequest to the "Mead Housing Trust" is an allowable deduction, no more than one-third of the value of the estate can be deducted, since under the provisions of section 1313 of the Civil Code of California the gift was void as to any greater amount. It does not appear that the parties in interest did not waive the rights given under this statute, and in view of the failure to present the point on the trial it cannot be urged here for the first time. Aside from this, it has been held that section 1313 is not a mortmain statute. Its purpose is not to restrict bequests and devises to charity, but is to prevent injustice to those persons who might benefit from the testator's bounty. Estate of Dwyer, 159 Cal. 680, 115 P. 242. It has also been held that the statute cannot be invoked after a decree of partial distribution has been entered, even though it affirmatively appears that the bequest exceeds the one-third limit. McGavin v. San Francisco Protestant Orphan Asylum Soc., 34 Cal.App. 168, 167 P. 182; Estate of Kearney, 13 Cal.App. 92, 109 P. 37. See also, Humphrey v. Millard, 2 Cir., 79 F.2d 107. It appears from the findings that a decree of distribution has been entered in due course of administration.

The judgment is reversed.