## IN RE BUNTING'S ESTATE.

No. 1662.   Decided February 13, 1906 (84 Pac. 109).

1. EXECUTORS AND ADMINISTRATORS—APPOINTMENT—NOTICE—PUBLICATION.—Revised Statutes 1898, section 4026, provides that notices and orders in probate proceedings shall be sufficient whether given by publication or posting that the notice be given for not less than ten days, but that the court, judge, or clerk, when authorized, may order or direct the precise manner of giving notice, or may prescribe a longer notice than ten days. An order for notice of an application for the appointment of an administrator required that the notice be published in two issues of a newspaper for a period of at least a week prior to September 28th, and by mailing a copy of the notice to the heirs as required by section 3818. The notice was first published on September 20th, and the second and last insertion was on September 27th, the day prior to the time set for hearing, and no notice was mailed. *Held*, that the court acquired no jurisdiction under such notice to appoint an administrator.

2. SAME—RESIDENCE OF HEIRS—NOTICE—PETITION.—Where a petition for appointment as administrator of an estate recited that deceased was a resident of a certain town in Idaho; that an administrator had been appointed for his estate in that state, and gave the names of decedent's heirs, and that petitioner was advised that W., who at the time of filing the petition was acting guardian for deceased's minor children, held in trust for the estate, personal property of the value of $50,000, the petition sufficiently showed the domicile of the heirs.

3. DOMICILE—MINOR HEIRS.—In the absence of proof to the contrary, it will be presumed that the minor children and heirs of a deceased person were residents of the place of decedent's residence at the time of his death.

APPEAL from District Court, Box Elder County; W. W. Maughn, Judge.

Proceedings for the settlement of the estate of Charles Bunting, deceased. From an order denying the petition of Grace Bunting to set aside an order for the issuance of letters of administration to W. D. Riter, and to revoke and cancel such letters, she appeals.

REVERSED.

*Dickson, Ellis, Ellis & Shulder* for appellant.

*Dey & Stevens* for respondent.

### APPELLANT'S POINTS.

If the jurisdiction of the person of the defendant is to be acquired by publication of the summons, in lieu of personal service, the mode prescribed must be strictly pursued. (*Galpin v. Page* [85 U. S.], 18 Wall. 366-373.)

The Supreme Court of Utah, in the case of *Wells v. Kelly,* 11 Utah 525, states: "The law is too well settled to require a reference to authorities, that where jurisdiction depends upon the publication of a notice, and the trial of the case is proceeded with before such publication is complete, the court acts without jurisdiction and its orders are void."

Every step prescribing the manner of the giving and serving of notice, must be strictly pursued, as we have shown, and unless the notice required is given, or it appears from the proceedings why it was not given, or defendant's presence required as provided, by the law or the order of the judge, as the case may be, it would be void. (*McCurry v. Hooper,* 12 Ala. 823, 46 Am. Dec. 280-81; *Dutcher v. Hill,* 29 Mo. 271,

76 Am. Dec. 572-3; *North v. Joslin,* 59 Mich. 624-646-647; *Chase v. Hathaway,* 14 Mass. 222-225; *Hathaway v. Clark,* 5 Pick. 490; *Allis v. Morton,* 4 Gray, 63.)

Where the statute requires that the court shall, by its order, direct what notice shall be given, as here, and the manner in which it shall be given, the proceedings are void, if the order does not comply with the statute in these particulars. (*Park v. Higby,* 6 Utah 414; *Otis v. Epperson,* 88 Mo. 131; *Bradley v. Hines,* 33 Ia. 157; *Townsend v. Tallant,* 33 Cal. 45; *Sevearns v. Gerke,* 3 Saw. 364; *Granger v. Superior Court,* 44 Mich. 384; *Richardson v. Richardson,* 26 Cal. 149, 151, 154.)

When the proceeding, as here, is a special statutory one and not in accordance with the course of the common law, the jurisdiction of the court, though a court of general jurisdiction, must affirmatively appear upon the face of the record, and no presumption will be indulged in support of its order, or decree, when such jurisdiction does not thus affirmatively appear. (*Galpin v. Page* [18 Wall.], 85 U. S. 365 to 373; Freeman on Judgments, sec. 127; *Galpin v. Page,* 3 Saw. 93; *Gray v. Larrimore,* 4 Saw. 638; *Martin v. Barber,* 34 Fed. Rep. 708; *Castle v. Pulaski County,* 10 Fed. Rep. 893; *Morse v. Preston,* 25 N. H. 302; *North v. Lindley,* 8 Ore. 317; *Ferguson v. Jones,* 3 L. Rep. Ann. 620; *Galpin v. Page,* 18 Wall. 365; *Eslava v. Lepretre,* 56 Am. Dec. 272.)

It is provided that we may assail this order by direct application to the same court which made it, and if it is void for want of jurisdiction, it may be set aside.    (Sections 3779 and 3780, Revised Statutes.)

No state Legislature can by the enactment of a statute dispensing with notice in cases of this and like character, subject the persons or property or the control of property of a citizen to the mistakes, whims or caprices of a clerk or judge, and declare that by an order or judgment he might thus deprive a person of his property and the control thereof, without due process of law.    It has so been held in many cases, if such a proposition needed argument. (*State v. Billings,* 5 Minn. 425, 43 Am. Rep. 525 and cases there

cited; *Evans v. Johnson,* 39 W. Va. 299, 45 Am. St. Rep. 912; *Davis v. Henderson,* 29 Minn. 27; *Gillett v. Needham,* 37 Mich. 143.)

## RESPONDENT'S POINTS.

The jurisdiction of the district court became complete when the petition in writing for letters of administration was signed and filed, stating the essential facts to give the court jurisdiction of the case. (R. S., secs. 3817, 3774.)

This was done in this case. The complaint here made is of irregularity occurring after the district court had acquired jurisdiction.

By section 4037, Revised Statutes, notice may be dispensed with and the hearing had at any time, by the written consent of persons interested. Section 4046 provides for waiver of notice by guardian for his ward. The claim that the order of the court was not complied with is manifestly groundless. The order provided for "Mailing a copy of this order according to law." Section 3818, Revised Statutes, provides for "mailing of notices to the heirs."

Every presumption in law is in favor of the regularity of the proceedings. This is not a case where letters of administration may be revoked by the probate court. (R. S. 3837.) It is not a case where there was lack of jurisdiction in the court for want of the existence of the necessary jurisdictional facts. It is not a case where no notice was given. It is a case where, notwithstanding notice was given, and the court, on September 28, 1900, found and determined that due notice had been given according to law, the regularity of such notice and the adjudication made five years ago, are sought to be assailed by a proceeding not authorized by the Probate Code or the Code of Civil Procedure.

## STATEMENT OF FACTS.

This is an appeal from a final order of the First judicial district court sitting at Box Elder county, Utah, denying the petition of Grace Bunting, filed in said court, to set aside an

order therein made directing that letters of administration issue to W. D. Riter in the matter of the estate of Charles W. Bunting, deceased, and to revoke and cancel the letters of administration issued to said Riter in obedience to said order. The grounds set forth in the petition, and upon which it is based, are: That the district court of Box Elder county failed to acquire, and was without jurisdiction to make said order appointing said administrator of said estate. The admitted facts in the case are about as follows: Charles W. Bunting died at the county of Box Elder, Utah, on May 16, 1897; that at the time of his death he was a widower, his wife having died about August 16, 1894. At the time of his death he was a resident of Blackfoot, Idaho, at which place he had resided with his wife and five minor children for many years prior to the day of his death; that he left surviving as his only heirs at law five minor children, the names and ages of whom are as follows: Grace Bunting, petitioner and appellant herein, born November 24, 1886, who reached her majority on the 24th day of November, 1904, and who is unmarried; Laura Isabel Bunting, born August 18, 1884, who is now married; Charles W. Bunting, born October 27, 1889; Lyman Bunting, born December 27, 1891; Albert Bunting, born July 28, 1894: Said Albert Bunting died in the month of October, 1901. Said deceased left, at the time of his death, a large estate, consisting of real and personal property in the state of Idaho. Soon after his death, and on or about the month of May, 1897, an administrator of his estate was appointed in the state of Idaho, who qualified and entered upon the discharge of his duties immediately thereafter as such administrator, and the estate in Idaho has not yet been fully administered, and no final settlement thereof has been made, nor has the administrator thereof been discharged from his trust. On September 6, 1900, one J. J. Guheen, who claimed to be a creditor of Charles W. Bunting, deceased, filed his petition in the clerk's office of said First district court of Box Elder county praying for the appointment of respondent W. R. Riter as administrator of said estate. The petition contained the usual as well as necessary

allegations in proceedings of this kind.    On September 18,
1900, at the courthouse in said county of Box Elder the clerk
of said court made an order fixing September 28, 1900, for
hearing said petition of J. J. Guheen, praying for the issu-
ance to W. D. Riter of letters of administration in the estate
of Charles W. Bunting, deceased.    The judge of said court
made and signed an order prescribing and directing the man-
ner of giving notice of the hearing of said petition, which was
filed in the clerk's office of said court, which is as follows: ·
"Upon reading and filing the petition of J. J. Guheen pray-
ing for the issuance to William D. Riter of letters of admin-
istration on the estate of Charles Bunting, deceased; it is
hereby ordered that due notice of the hearing thereon be
given by publishing notice of the time and place thereof in at
least two issues of the 'Box Elder News' for the period of at
least one week prior to said 28th day of September, A. D.
1900, and by mailing a copy of this order according to law.
Dated this 15th day of September, A. D. 1900."    The clerk,
in pursuance of the foregoing order, caused notice of such
hearing to be published and the record shows the same was
published in the "Box Elder County News," a weekly news-
paper, in two issues only.    The first publication and inser-
tion of the notice in said paper was made on the 20th day of
September, 1900, and the second publication and insertion on
the 27th day of September, 1900, and no other publication
or service of said notice was made; nor was any copy of the
order or notice mailed to any of the heirs or their legal repre-
sentatives, as directed in said order, or otherwise.    On Sep-
tember 28, 1900, a hearing on said petition was had before
the clerk of said court, who, after the hearing was concluded,
filed his report recommending that letters of administration
upon said estate be issued to W. D. Riter, as prayed for in
the petition, whereupon the judge of said court, on said date,
September 28, 1900, made an order approving, affirming,
and adopting the clerk's report, and ordered that letters of
administration issue to said Riter.    No real or personal prop-
erty has come into the hands of Riter as such administrator,
nor is there any property in his possession or under his con-

trol belonging to the said estate.   At the time the petition for letters of administration was filed by J. J. Guheen, and upon which letters were issued, Grace Bunting had not reached her majority, and was therefore a minor heir of the deceased, Bunting.   It also appears that this proceeding was commenced by Grace Bunting, petitioner herein, with the knowledge and consent of the other heirs; one of whom had reached her majority at an earlier date, on the 2d day of December, 1904, and within less than two weeks after she, the petitioner, had reached her majority and her disability had been removed.   The court, after hearing the evidence introduced on behalf of Grace Bunting in support of her petition overruled said petition, from which order she has appealed to this court.

McCARTY, J., after making the foregoing statements of facts, delivered the opinion of the court.

The main or principal ground upon which appellant claims that the court did not have jurisdiction to make the order upon which letters of administration were issued to W. D. Riter, is that the order made by the court September 18, 1900, directing that notice of the hearing on the petition, upon which said letters were issued, "be given by publishing notice of the time and place thereof in at least two issues of the Box Elder News for the period of at least one week prior to the said 28th day of September, 1900, [date fixed by the clerk for the hearing], and mailing a notice of the order according to law," was not complied with in two particulars: First, the order was not published in the Box Elder News, as directed; nor was any notice mailed or otherwise sent to the heirs, or any of them, of the hearing mentioned in the order.

Section 4026, Revised Statutes 1898, provides that notices and orders in probate proceedings

"Shall be sufficient, whether the notice be given by publication or posting, that the notice be given for not less than ten days; but the court judge or the clerk when authorized, may order or direct the pre-

30 Utah—17

cise manner of giving notice . . . or may prescribe a longer notice than ten days."

The order made in the case under consideration was that the "notice of the hearing . . . be given by publishing notice of time and place thereof in two issues of the Box Elder News for a period of at least one week prior to the 28th day of September," etc. Now the record shows that the first insertion of the notice referred to appeared in the Box Elder News, September 20th, and the second or last insertion on the 27th, of September, 1900; the last publication of the notice being the day prior to the time set for the hearing. This was not a compliance nor a substantial compliance with the order of the court directing the "precise manner" the notice should be given. The order provided that the publication should be for a period of at least one week prior to the date fixed for the hearing. Neither was notice of the hearing mailed to the heirs of the deceased as required by section 3818, Revised Statutes 1898, and as directed by the order of the judge. The purpose of the law in requiring notice to be given of the time and place of hearing petitions for letters of administration is to advise those who are interested in the proceedings, and give them an opportunity to be present, and, if they so desire, make objections to the issuance of letters to the party petitioning therefor. (18 Cyc. 120.) That such is the intent of the statute is apparent from section 4038, which provides that

"Any person shall have a right to be heard by the court at any hearing on any question affecting a probate . . . matter in which he is interested."

And this court held in the case of *Wells v. Kelly*, 11 Utah 421, 40 Pac. 705, that

"The law is too well settled to require reference to authorities that where jurisdiction depends on the publication of a notice and the trial of the cause is proceeded with before such publication is complete, the court acts without jurisdiction, and its orders are void."

In 2 Abbott's Probate Law, section 853, it is said:

"All jurisdiction of person or property depends upon notice. It is the one fundamental and indispensable foundation for 'due process of law,' and it may be said, as a rule without exception, that no judicial action whatsoever is valid or binding without some notice, actual or constructive. It is likewise fundamental that the requirements for giving notice must be strictly complied with, and this rule applies with increased force to what are termed 'special proceedings.' Proceedings in probate belong to this class."

Respondent Riter contends that inasmuch as the petition upon which letters were issued to him recites that the ages and residence of the heirs of the deceased were unknown to the petitioner, J. J. Guheen, the necessity of mailing notices to the heirs was dispensed with. The petition referred to of J. J. Guheen shows that he was and is a resident of Pocatello, Idaho, and it also recites that deceased, at the time of his death, was a resident of Blackfoot, Idaho, and that an administrator has been appointed for the estate of the deceased in that state, and it further recites and gives the names of the heirs of the deceased, and it also shows that Bunting, at the time of his death was a resident of Blackfoot, Idaho, and it further appears from the petition that Guheen was advised of the fact that one Daniel Wolstenholm, who, at the time of the filing of the petition, was the acting guardian of said minor children, held in trust for said estate personal property of the value of $50,000. In other words, it is shown by the petition of Guheen that he was well informed on all matters pertaining to the estate of the deceased, including the names of the heirs thereto. It is a well-established rule of law that the domicile or permanent residence of a minor is the same as that of the parent; and further, when a domicile, or permanent residence, is once established, it is presumed to continue until the contrary is made to appear. (10 Am. & Eng. Ency. Law, pp. 14, 29, 30, and cases cited; 14 Cyc. 858, 859.) Woerner, in his Law of Guardianship (pages 80, 81), says:

"The domicile of an infant is that of his father. . . . This domicile remains until the infant legally acquires another, and since the law conclusively disables infants from acting for themselves during minority, their domicile cannot be altered by their own acts before reaching majority. Hence, the legal domicile of infant orphans is at the place where the father was domiciled at the time of his death."

Therefore, because Guheen may not have had actual positive knowledge at the very moment of filing his petition of the place of residence of the heirs, all of whom were minors at the time Bunting died, and all, except one, at the time the petition was filed, did not dispense with the necessity of mailing notices to them, as required by section 3818, Revised Statutes 1898, of the place and time of the hearing on the petition, at Blackfoot, Idaho, the place where Bunting resided at the time of his death, and which was known to Guheen when he filed his petition. After Bunting died, the presumption is, in the absence of any proof to the contrary, that his heirs, minor children, continued to reside at Blackfoot, all of which Guheen was bound to take notice.

We are of the opinion that the court acted without jurisdiction in making the order directing that letters of administration issue to W. D. Riter. The case is therefore reversed, with directions to the trial court to vacate and set aside the order and revoke the letters of administration issued thereon; the costs of this appeal to be taxed against respondent.

BARTCH, C. J., and STRAUP, J., concur.