CARTER et al., Respondents, v. FRAHM et al., Appellants.

(141 N. W. 370.)

1. **Descent and Distribution—Title of Heirs—Decree of Distribution.**
    The title of heirs originates, under Sec. 1093, Civ. Code, on death of ancestor, subject to administration which may divest the title; no title originates from a decree of distribution, but such decree releases the title from conditions of administration, and furnishes heir with legal evidence to establish title.

2. **Executors and Administrators—Administration of Estates—Proceedings in Rem—Statutory Notice.**
    The administration of an estate under probate jurisdiction of a court, culminating in final decree of distribution, is a proceeding in rem, and, while the court need not have jurisdiction

of the persons of heirs, it is essential that constructive notice to them be given as prescribed by law, to give the court jurisdiction over the subject-matter; but no other notice or procedure than that prescribed by statute is necessary to confer such jurisdiction and to warrant final judgment concluding the rights of interested heirs.

3. **Appointment of Administrator—Hearing—Notice—Jurisdiction.**

Under Probate Code, Secs. 39, 88, 90, 91, concerning giving of notice of hearing and fixing date for appointment of an administrator, either by publication or by posting, on proof of giving the notice, and authorizing the court to hear parties and order letters of administration, and providing that an entry in the minutes that required proof was made and notice given is conclusive evidence of the fact, **held,** that the giving of the notice under Sec. 88 is essential to jurisdiction to make such appointment.

4. **Same—Publication of Notice—Order for Notice.**

Under Secs. 39, 88, Prob. Code, concerning publication of notice of hearing in daily or in weekly newspapers, the court, may, by order, designate the method by which notice shall be given, and, having so designated, none other is authorized. **Held,** accordingly, that an order requiring publication once each week for three successive weeks, is not complied with by publication for ten successive days, once each day, and the court did not thereby acquire jurisdiction to appoint an administrator as against heirs not appearing.

5. **Judgment—Order—Recital of Jurisdictional Facts—Collateral Attack.**

Where the facts on which a court assumes jurisdiction are recited in the record and appear to have been such as would not in law confer jurisdiction, the judgment may be impeached collaterally, there being no presumption in aid thereof that such recitals are incorrect or incomplete.

6. **Courts—Probate Orders—Presumption Without Recitals—Attack.**

Orders and decrees of the Probate Court, under Sec. 332, Prob. Code, providing that they need not recite jurisdictional facts, are, as against collateral attack, valid, if such facts are shown by the judgment roll, without such recital of facts in the order or decree; such jurisdictional facts being presumed, and can be overcome only by judgment roll itself.

7. **Jurisdictional Facts—Direct Attack.**

As against direct attack of a probate order, or decree, the want of jurisdictional facts, which are not recited in the order or decree, may be shown by any competent evidence, whether appearing by the judgment roll or not.

8. **Executors and Administrators—Petition for Settlement—Order of Distribution.**

Under Prob. Code, Sec. 307, authorizing application for distribution of an estate at or after final settlement, distribution may be had and petition therefor made at time of final settlement, or thereafter; but a petition for distribution is necessary to confer jurisdiction. Held, accordingly, that a petition referring to the administrative account and praying settlement thereof, is one for settlement alone, and the court has thereunder no jurisdiction to give notice for nor to decree distribution, and such decree is void.

9.   Descent and Distribution—Heirships—"Special Proceedings"—Statutory Requirements Essential.

A proceeding for determination of heirships for purposes of distribution is a "special proceeding" under "matters in probate;" and while exercised before a court of general jurisdiction, the statutory jurisdictional requirements must be strictly complied with.

10.   Executors and Administrators—Distribution—Bona Fide Purchaser from Heir—Ineffectual Constructive Notice.

A purchaser claiming title from an heir under a decree of distribution is chargeable with notice of everything appearing on face of judgment roll in probate proceedings, and is not an innocent purchaser without notice of want of jurisdiction to appoint an administrator and order distribution of the estate, as against heirs not appearing, and they may maintain suit to recover their share of the estate.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Beadle County. Hon. Alva E. Taylor, Judge.

Action by Lucy J. Carter and another against Frank Frahm and others, to set aside a decree of distribution and to recover, as heirs, realty involved in such decree. From a judgment for plaintiffs, defendants appeal. Affirmed.

*Rice & Benson,* for Appellants.

The county court had jurisdiction of the subject matter.

County courts of this state have jurisdiction, among other things, "2. To grant letters of administration and of guardianship and to revoke the same. 7. To order and regulate all distributions of property or estates of deceased persons. 10. To make such orders as may be necessary to the exercise of the powers conferred upon it. Probate Code, Section 25.

Presumptions as to jurisdiction.

It is a familiar doctrine that nothing shall be intended to be out of jurisdiction of a court of record but that which expressly

appears to be so. Even if the record fails to affirmatively show jurisdiction in the court, the presumption is that the court had jurisdiction. To overcome this presumption, it must affirmatively appear upon the record itself that the court had not jurisdiction. Freeman on Judgments, Section 124; Scaman v. Galligan, 8 S. D. 277; Phillips et al v. Phillips et al., 13 S. D. 231; Allen v. Huntington, 16 Am. D. 702.

The proceedings of the county courts of the State of South Dakota, in matters of probate, are construed in the same manner and with like intendments as courts of general jurisdiction, and the orders, judgments and decrees of county courts are accorded the same force, effect and legal presumptions as the records, orders, judgments and decrees of our circuit courts. Probate Code, Section 26; Matson v. Swenson, 5 S. D. 191; Phillips et al v. Phillips et al, supra; Howard v. Dinneen, 16 S. D. 618.

When the county court made the order (record page 138) directing notice of hearing Petition for Letters of Administration in the estate of John B. Mott, deceased, it necessarily passed upon all the jurisdictional facts which were necessary for the court to determine to give it jurisdiction to make such order, and the court's determination is valid and conclusive, unless reversed, modified or set aside on appeal. In re Griffet's Estate, 23 Pac. 528; Chilton v. Union Pac. Ry. Co., 29 Pac. 963 at 964; Blackman et al v. Mulhall et al., 19 S. D. 534.

The statute provides what kind of notice should be given in such cases.

"If the notice be published in a weekly newspaper it must appear therein on at least three different days of publication, and if in a newspaper published oftener than once a week, it shall be so published that it must be at least ten days from the first to the last day of publication, both the first and last day of publication being included." Probate Code, Section 39.

The court literally complied with this statute. The statute does not provide that when a petition is filed with the county court, such court shall order itself to give notice, but it provides that the judge must give notice thereof, and it directs what such notice shall contain and how made public. Probate Code, Section 88.

The question in this case is, was notice given as provided by law? And the answer is, in every particular it was so given.

The county court of Beadle county, when hearing this petition, necessarily determined all jurisdictional facts upon which its order appointing an administrator in this matter (Record p. 142) was based. In that order the court finds that notice of hearing had been given and published as required by the order of the court..

The court can hear any competent evidence to satisfy itself that notice has been given as provided by the statute. Probate Code, Section 90; Quarl v. Abbott, 1 N. E. 476.

Even if the decree on its face showed that there was no evidence to support it, it would be sustained on collateral attack. Foster v. Bowman, 7 N. W. 513.

The order made in exercising that jurisdiction that due notice was duly given and published is conclusive in this proceeding. Simmons et al v. Saul et al., 138 U. S. 439 at 444; Averill v. Jackson City Bank, 72 N. W. 15; Stanley et al v. Noble et al, 13 N. W. 839; Blackman v. Mulhall, supra; Johnson's Estate, 33 N. W. 413.

Here is a positive finding by a court of competent jurisdiction that due and legal notice had been given, and that concludes the matter as far as this case is concerned. Goodell v. Starr, 26 N. E. 793.

To authorize the court to act upon the petition, it must be proved to the court that "notice has been given as therein required" as required by statute. Probate Code, Section 90.

It is not necessary that a petition for final distribution be presented to the court. The statute of our state provides that:

"When any account is rendered for settlement the court or judge must appoint a day for the settling thereof. The judge must thereupon give notice thereof by causing notice to be posted, etc." Probate Code, Section 283.

The finding of the court that no order of hearing this petition was made is a gratuitous injection of irrelevant matter. There is no statute providing that a separate order must be made fixing a day of hearing. The statute provides that the judge shall appoint a day and give notice, and the judge did appoint a day and did give notice thereof (Record p. 152).

The county courts of this state derive their power from the constitution. Constitution, Article 5, Sections 19, 20.

"The jurisdiction given by the constitution is entire over the estate, and where it has once attached, it must continue (unless legally terminated) until its purpose is accomplished, that is, until the estate is administered and settled." Culver v. Hardinberg, 33 N. W. 792.

The objection to the probate proceedings in the matter of John B. Mott, deceased, is not that there is want of jurisdiction, but that there is error or irregularity, and the remedy is appeal. Culver v. Hardinberg, supra; Rumrill et al., v. First National Bank, 9 N. W. 731.

The statutes, as well as the one (Sec. 1083, Civ. Code) enumerating the persons who shall take by the right of succession, must be construed in connection with Section 308 of the Probate Code, which reads as follows:

"In the order or decree the court must name the persons and the proportions or parts to which each shall be entitled."

What persons must be named? The heirs must be named. Before making a final decree distributing the property of an intestate it is the particular province of the county court to ascertain who the heirs of an intestate are, and to name them in the decree, and when this is done, such a decree is final, unless reversed, set aside or modified on appeal. Probate Code, Section 308; Lynch v. Rooney, 44 Pac. 565.

It is no argument to say that the estate of an intestate, upon his death, vests in the heirs without the intervention of a decree of the county court. Who is given power to determine who the heirs are? If it is not the law that the county courts of this state determine who the heirs of a deceased person are, then it would be quite unnecessary to have a final decree assigning an estate to the heirs.

"To require of co-owners to ascertain at their peril the names of all the heirs of delinquent co-owners would be to impose upon them a burden of law never intended to be imposed." Elder v. Horseshoe Mining Co., 9 S. D. 636.

Section 1093 of the Civil Code and Section 308 of the Probate Code must be construed in connection with Section 537 of the Code of Civil Procedure, construed together so they would read about as follows:

The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, provided that if any person upon whose life any estate in real property depends, remain without the United States, or absents himself in the state or elsewhere for seven years together, such person must be accounted naturally dead in any action or special proceeding concerning such property in which his death shall come in question, unless sufficient proof be made in such case of the life of such person, and provided further, that the county court shall have jurisdiction to determine who the heirs of deceased persons are, as to whether they have absented themselves from the state, as provided in the last section, or not, and such determination of the county court shall be final until reversed, set aside or modified upon appeal.

The trial court in this case clearly erred in admitting evidence collaterally impeaching the decree of the county court. Neither the trial court nor this court has the least power to inquire into the sufficiency of the evidence before the county court of Beadle county upon which it based its decision that the plaintiffs were naturally dead. That decision must forever stand as an absolute verity. All courts have universally held that the sufficiency of the evidence to sustain the findings of a court of record cannot be inquired into collaterally.

No appeal was taken, and the decree of the county court is conclusive. Probate Code, Section 308; Blackman et al., v. Mulhall et al., 19 S. D. 534 at 543; in re Griffet's Estate, 23 Pac. 528; Phillips et al. v. Phillips et al., 13 S. D. 231 at 236.

The trial court failed to distinguish between lack of jurisdiction in the county court and error committed by that court.

"Jurisdiction is the power to hear and determine, and does not depend upon the rightfulness of the decision made." Sherer v. Superior Court, supra.

"Jurisdiction is authority to hear and decide a cause, and does not depend upon the correctness of the decision made." People v. Talmadge, supra.

"Jurisdiction does not relate to the right of the parties as between each other, but to the power of the court." People v. Sturtevant, 59 Am. Dec. 536.

"To give the intervenors the relief here sought, that finding must be first set aside as untrue in fact, and that cannot be done in this action. If such a thing could be done, the stability of judgments and decrees would be a thing of the past. Decrees of distribution would be as unstable as the sands, for omitted heirs from such decrees would be seeking to have involuntary trusts declared thereon at most inopportune times." Lynch v. Rooney, 44 Pac. 565 at 567; Webster v. Seattle Trust Co., 33 Pac. 970; Ladd v. Weiskopf, 64 N. W. 99.

The Supreme Courts of all the states in which Probate courts, by the constitution are invested with general jurisdiction of probate matters, have universally held orders and decrees of such courts immune to collateral attack. Moore v. Neal, 89 Am. Dec. 303 (Ill.); Roach v. Martin's Lessee, 27 Am. Dec. 746 (Del.) at 755; In re Trescony's Estate, 51 Pac. 951 (Cal.); Sjoly v. Hoganson, 122 N. W. 1008 (N. D.); Yeatman v. Yeatman, 53 N. W. 385 (Neb.); Blackman v. Mulhall, supra; Howard v. Dinneen, 16 S. D. 618; Phillips v. Phillips, 13 S. D. 231.

## IN REPLY.

Appellant purchaser in good faith.

Respondent contends that "This probate proceeding and the final decree therein were part of the chain of title which they purchased." This court has held otherwise. Blackman et al., v. Mulhall et al., 19 S. D., 534 at 547 and 548.

*Gardner, Fairbank & Churchill,* for Respondents.

This action a direct attack upon the decree of the county court. Morse v. Pickler, (S. D.) 134 N. W. 809.

The question was squarely presented to the court as to the validity of this decree based upon the files themselves, which were offered in its support by the defendants. The case is therefore almost, if not quite, the same as that in Morse v. Pickler 134, N. W. 809, decided by this court, except that the decree attacked is one of the county court and the decree there attacked was one of the circuit court.

The county court of Beadle county had no jurisdiction to enter a decree of distribution.

The county court obtains its jurisdiction solely from the statute, and by means of the method there provided. If the procedure is not followed, the court has no jurisdiction.

This order setting the time for hearing, itself was not filed until December 10th, 1898. It therefore was not effective as an order until that date. Section 332 of the Probate Code; Stephens v. Faus. (S. D.) 106 N. W. 56.

This order directed that the notice of hearing be published for three successive weeks; once each week prior to said hearing. The only proof of publication, however, which was offered in evidence shows that the notice of hearing was only published for ten successive days, once in each day.

This is a direct attack and not a collateral attack, and this evidence as to the notice and order was offered by the appellants to sustain the decree, and not by the respondents to attack it. We also contend that the presumption as to the regularity of the order of the court must yield to the facts themselves when they appear upon the face of the record upon which the order is based. In re Charlesbois (Cal.) 12 Pacific, 775.

The appellants state in their brief: "A petition for final distribution was filed in the county court on October 4th, 1900." We are unable, however, to find the petition referred to by appellants. We presume, however, that it refers to the prayer at the end of the final report. This is at folio 126 of the statement of facts, in which the administrator asks that he may be allowed to make distribution "as above set forth." This, however, simply refers to the money which he had on hand, and which he wished to turn over to Frank E. Mott, and does not mention in the report any real estate nor does it ask that the real estate be distributed. We believe, therefore, that the court was correct in the finding that no petition for distribution of the estate was ever filed and that no order was ever made for hearing said petition, and that there was nothing in the probate files to show that any notice of such hearing was ever given.

It has been repeatedly held in California that in order to give a court jurisdiction to distribute real estate, that a petition must be filed for distribution, and that a notice must be served as provided by the statute. See the following cases: In re Sheids, 55 Pacific 328; In re Coursnes Estate; 65 Pacific 965; Smith v. Westerfield, 26 Pacific 206.

As is said in Ward v. Dupree, 16 S. D. 500: "The probate court has jurisdiction to determine who are the legal heirs of a de-

ceased person who died intestate, and who are the devisees or legatees of one who died testate; but its determination as to such matters does not create any new title; it merely declares the title which accrued under the law of descents or under the provisions of the will."

The final decree is not sufficient as a determination of the legal death of Lucy J. Carter and Nellie Moore.

In this decree the court does not find or make any decree that Lucy Carter and Nellie Moore are dead. It does not decree that they were dead at the time John B. Mott, their father, died.

It is settled in this state as to what facts must be found by a court to raise the presumption of death, under our seven year statute. Burnett v. Costello, 15 S. D., page 89. This case was followed and cited in the case of Renard v. Bennett, (Kas.) 93 Pacific, 261.

The title to two-thirds of this land vested in the plaintiffs at the time of the death of John B. Mott.

By Section 1093 of our Civil Code the real estate belonging to a person who dies without a will vests at once in his living heirs. The decree of the court shows that these girls were living at the time John B. Mott died, and the title therefore vested in them at that time. Elder v. Horseshoe Mining Co., 9 S. D. 642; Bates v. Howard, (Cal.) 38 Pacific 715; In re Packer Estate, 58 Pacific, 50 California; In re Porter Estate, 61 Pacific, 659; Smith v. Olmstead, 26 Pacific 521; Scott v. McNeal, 154 U. S. 49; Grimes v. Miller, 121 S. W. 21.

The decree as a whole shows that the plaintiffs or their heirs are the owners of two-thirds of this land, and the defendants had notice thereby.

This decree must be taken as a whole in determining who were the heirs of John B. Mott. It is not sufficient for the Appellants to pick out from "is ordered, adjudged and decreed that all of said" in this decree, a single statement. Windsor v. McVeigh, 93 U. S. 274; Spoors v. Coon, 9 N. E. 132; Frederickson v. Duffbrick, 96 Pac. 117; Hall v. Melvin, 35 S. W. 1109.

The defendants are not innocent purchasers.

This probate proceeding and the final decree therein were part of the chain of title which defendants purchased, and the decree was on record in the Register of Deeds office. The evi-

dence shows that they examined this decree, therefore, they had knowledge before they purchased, both actual and constructive, of everything stated in the decree. This decree was sufficient to show the purchasers that there were two heirs of John B. Mott whose title they were not securing in their purchase from Frank Mott. They were at least placed on inquiry as to what had become of the interests of these two heirs.

McCOY, J. It appears from the record in this case that on the 18th day of November, 1898, one John B. Mott, a resident of Beadle county, died seised of a quarter section of land and some personal property, and left surviving him three heirs, a son, Frank E. Mott, and two daughters, Lucy J. Carter and Nellie Moore; that neither of these three heirs then resided in this state. On the 28th day of November, 1898, one Cannard, on the request of said Frank E. Mott, petitioned the county court of said Beadle county to be appointed administrator of the estate of said John B. Mott, deceased; the said Frank E. Mott waiving the said appointment himself in favor of said Cannard. Subsequently, on the 10th day of December, 1898, by decree and order of said court, the said Cannard was appointed such administrator, and thereafter qualified and took possession of said real estate and personal property. On the 3d day of November, 1900, the said county court rendered and entered an order or decree of final distribution as follows: "Said administrator having fully and completely administered said estate, and having paid all debts and funeral expenses, and fully complied with the law in relation to the administration of estates, and having made and filed his final account, and having petitioned this court for his discharge as such administrator, and it appearing from the records and files and papers in this matter, as well as from testimony given to the court, that Lucina Carter, formerly Lucina Mott, and Fraza Mott (Nellie Moore), daughters and two heirs of John B. Mott, deceased, have been continuously absent from the state of South Dakota for more than seven years next preceding the date hereof, and that they each and both of them are now absent from the state of South Dakota, and that their whereabouts is to all persons wholly unknown, and also whether they or either of them left any heirs is also unknown, and it further appearing that Frank E. Mott, of Oconto, Wis., is the only living heir of John B. Mott, deceased, and as such is entitled

to all the real estate and personal property of said John B. Mott, and it further appearing that there is now in the hands of said administrator for distribution, of the personal property of the said John B. Mott, deceased, the sum of $175, and that the said deceased died seised and possessed of the southeast quarter of section 6, township 109, range 60, in Beadle county, and it further appearing that said estate is ready for distribution, and that said administrator should be discharged and released from further duties : Therefore, it is ordered, adjudged, and decreed that all of said real estate and personal property of said John B. Mott be set over, assigned to, and vested in Frank E. Mott, the only heir of said John B. Mott, deceased." Thereafter the said Frank E. Mott transferred and conveyed said land to said administrator, Cannard; and said Cannard transferred and conveyed the same to one De-Banche; and said DeBanche conveyed the same to defendant Ronnfeldt; and said Ronnfeldt conveyed the same to one Greve, taking back thereon a mortgage; and said Greve thereafter conveyed the said title to defendant Frahm.

On the 9th day of April, 1910, plaintiffs, Lucy J. Carter an 1 Nellie Moore, instituted this action in equity to vacate and set aside said decree of distribution, on the ground that the said county court was wholly without jurisdiction to render and enter the same, alleging among other things the foregoing facts, and alleging said judgment, and also alleging the invalidity thereof, and also facts tending to show the same void, and prayed that defendants be compelled to appear and set out their claims to said land, and that an undivided one-third each therein be quieted in each of plaintiffs. Defendants Frahm and Ronnfeldt appeared and answered, alleging said Frank E. Mott to have been the sole owner of said land under and by virtue of said decree of distribution made and entered on November 3, 1900, and that they succeeded to the said title of said Frank E. Mott, by various subsequent mesne conveyances. Plaintiffs made and filed reply to defendants' counterclaim of title. Trial was had before the court without a jury, and findings made and judgment rendered in favor of plaintiffs, and defendants appeal, assigning various errors. The principal contention of defendants is that the evidence is not sufficient to support the findings, and that the conclusions and judgment are contrary to law.

The court, among other things, found: "That the county judge made an order on the 28th day of November, 1898, directing that the petition be heard at his office in Huron, on the 10th day of December, 1898, and that notice thereof be given by publishing a copy of the order for three successive weeks, once in each week, prior to the said hearing, in the Daily Huronite, a newspaper published in said county. This order was not filed in the county court until the 10th day of December, 1898. That a notice was signed by the county judge directed to Frank E. Mott, Lucina Carter, and Fraza Mott, 'heirs at law and next of kin of John B. Mott, deceased,' stating that the petition had been filed and that the 10th day of December, 1898, at the office of the county judge in the city of Huron, S. D., had been set for hearing the said petition. This notice was published in the Daily Huronite ten successive days, once each day; the first publication being on the 29th day of November, 1898, and the last publication on the 9th day of December, 1898. That on the 4th day of October, 1900, the said Desire Cannard filed in the county court a petition stating that the estate had been fully administered, all debts paid and the expense of administration, as will appear from his final report, and asking that a time and place be fixed for examining and allowing of said amount and that notice thereof be given agreeable to the statute in such case made and provided, which petition was duly verified. That no order was ever made setting a time for hearing the said petition, but that a notice was issued by the judge on the 4th day of October, 1900, stating that the administrator had presented his final account and that the 3d day of November, 1900, had been set for the time of hearing said account, and that at the time of the settlement of said account the residue of the estate would be distributed to such persons as by law were entitled thereto, but there is no evidence in the probate records that the said notice was ever served upon any one or published in any manner or posted in any manner. That the county court of Beadle county had no jurisdiction to make and enter the order of distribution, and that the said order is not a final determination of the rights of the plaintiffs and defendant in said land, and that the plaintiffs are not barred by the said order and the probate proceedings in the estate of John B. Mott, deceased, from asserting their title and interest in the said land against the defendant in this action."

[1]   There is but one vital question before this court for determination upon the merits, and that is whether or not the county court had jurisdiction over the subject-matter of the interests of plaintiffs in said land, in the said probate proceedings, so as to finally conclude plaintiffs by said decree of distribution. Plaintiffs' title to said land originated on the death of John B. Mott. Immediately at the instant of his death his three heirs each succeeded to an undivided one-third interest each in and to said real-estate, by the law of succession, which title, however, was subject to administration, and might have been, by administration, wholly divested. No title originates from a decree of distribution, but such decree has the effect of releasing the title, of which the heir became invested on the death of the ancestor, from the conditions of administration to which it was subject, and furnishes the heir with legal evidence to establish his title. Church, Probate Law & Prac. pp. 1328, 1350, 1364, 1370; Bates v. Howard, 105 Cal. 173, 38 Pac. 715; Estate of Kennedy, 129 Cal. 384; 62 Pac. 64; Chever v. Ching Hong Poy, 82 Cal. 68, 22 Pac. 1081; Weir v. Bagby, 72 Kan. 67, 82 Pac. 585, 7 Ann. Cas. 702. The title of the heir, under the law of succession of this state, originates on the death of the ancestor by virtue of section 1093, Civil Code. Plaintiffs could only be finally concluded and divested of their said titles by a court having jurisdiction.

[2]   The administration of an estate under the probate jurisdiction of a court, which involves the appointment of an administrator and culminates in a final decree of distribution, is a proceeding in rem, or, as said by some, quasi in rem. 23 Cyc. 1411; Mulcahey v. Dow, 131 Cal. 73, 63 Pac. 158; Hanley v. Hanley, 114 Cal. 690; 46 Pac. 736. Plaintiffs were entitled to notice, either actual or constructive, of the administration proceedings. Actual notice was not necessary. Constructive notice alone was sufficient. The proceedings being in rem, it was not necessary that the court have jurisdiction of the persons of plaintiffs. In an action in rem it is just as essential that constructive notice be given, in the manner required by law, to give the court jurisdiction over the subject-matter, as it is that personal service be made in an action in personam to give the court jurisdiction over the person of a defendant. Herman on Estoppel & Res Judicata, § 291. In Woodruff v. Taylor, 20 Vt. 65, the court among other things said: "The

object and purpose of a proceeding purely in rem is to ascertain the right of every possible claimant; and it is instituted on an allegation that the title of the former owner, whoever he may be, has become divested; and notice of the proceeding is given to the whole world to appear and make claim to it. From the nature of the case the notice is constructive, only, as to the greater part of the world; but it is such as the law presumes will be most likely to reach the persons interested, and as such does, in point of fact, generally reach them. * * * It is just as essential to the validity of a judgment in rem that constructive notice at least should appear to have been given, as that actual notice should appear upon the record of a judgment in personam. A proceeding, professing to determine the right of property, where no notice actual or constructive, is given, whatever else it might be called, would not entitle it to be dignified with the name of a judicial proceeding. It would be a mere arbitrary edict, not to be regarded anywhere as a judgment of a court."

Freeman on Judgments, § 611, subject judgments in rem, among other things says: "A judgment in rem, at least when against anything, binds the 'res' in the absence of any personal notice to the parties interested. Those parties, even in the absence of personal notice, are to be regarded as parties to the suit. It is more accurate to say that the parties in interest are bound by the judgment, though they have no actual notice. The mere seizure of property does not confer jurisdiction upon the court to proceed to judgment. To this end some notification of the proceedings, beyond that arising from seizure, prescribing the time within which the appearance must be made, is essential. Such notification is usually made by publication in some form. The manner of notification is immaterial, but the notification itself is indispensable. The statute prescribing the notice must be strictly observed to give the court jurisdiction."

In Boswell v. Otis, U. S., 9 How. 336, 13 L. Ed. 164, the court among other things said: "It may be difficult in some cases to draw the line of jurisdiction so as to determine whether the proceedings of a court are void or only erroneous. And in such cases every intendment should be favorable to a purchaser at a judicial sale. But the rights of all the parties must be regarded. No principle is more vital to the administration of justice than that

no man shall be condemned in his person or property without notice, and an opportunity to make his defense. And every departure from this fundamental rule, by a proceeding in rem, in which a publication of notice is substituted for a service on the party, should be subjected to a strict legal scrutiny. Jurisdiction is not to be assumed and exercised in such cases upon the general ground that the subject-matter of the suit is within the power of the court. This would dispense with the forms of the law, prescribed by the Legislature, for the security of absent parties. The inquiry should be: Have the requisites of the statute been complied with, so as to subject the property in controversy to the judgment of the court, and is such property limited to the property named in the bill? If this cannot be answered in the affirmative, the proceedings of the court beyond their jurisdiction are void."

It is not necessary to give any other notice, or take any other procedure, than that prescribed by the statute; but the essential requirements of the statute must be complied with to give the court jurisdiction over the subject-matter, and to proceed to a judgment that will finally conclude the rights of interested heirs. Church, Pro. Law & Prac. p. 380; Beckett v. Selover, 7 Cal. 215, 68 Am. Dec. 237; Wills v. Pauly, 116 Cal. 575, 48 Pac. 709; Windsor v. McVeigh, 93 U. S. 279, 23 L. Ed. 914; Hassall v. Wilcox, 130 U. S. 493, 9 Sup. Ct. 590, 32 L. Ed. 1001; Black on Judgments, § 232.

In Bunting Estate, 30 Utah, 251, 84 Pac. 109, the court said: "The purpose of the law in requiring notice to be given of the time and place for hearing petitions for letters of administration is to advise those who are interested in the proceedings, and give them an opportunity to be present, and, if they so desire, make objections to the issuance of letters to the party petitioning therefor. 18 Cyc. 120. That such is the intent of the statute is apparent from section 4038, which provides that 'any person shall have a right to be heard by the court at any hearing on any question affecting a probate * * * matter in which he is interested.' And this court held, in the case of Wells v. Kelly, 11 Utah, 421, 40 Pac. 705, that 'the law is too well settled to require reference to authorities that where jurisdiction depends on the publication of a notice and the trial of the cause is proceeded with before such publication is complete, the court acts without jurisdiction, and its orders are void.' In 2 Abbott's Probate Law, § 853, it is said: 'All

jurisdiction of person or property depends upon notice. It is the one fundamental and indispensable foundation for "due process of law," and it may be said, as a rule without exception, that no judicial action whatsoever is valid or binding without some notice, actual or constructive. It is likewise fundamental that the requirements for giving notice must be strictly complied with, and this rule applies with increased force to what are termed "special proceedings." Proceedings in probate belong to this class.'"

[3]   The plaintiffs in the court below attacked the jurisdiction of the county court to make an order appointing an administrator on the ground that no notice of the hearing of the application and petition was given sufficient to give the county court jurisdiction over the subject-matter of the interests of plaintiffs in the land in question.. Section 88, Probate Code, provides: "When a petition praying for letters of administration is filed, the judge must give notice thereof containing the name of the decedent, the name of the applicant for letters, and the day and term of the court at which the application will be heard, which notice must be published by posting or printing in a newspaper, the same as required for notice of the probate of a will." Section 39 provides: "When a petition is filed and the will produced, the judge of the county court must fix a day for hearing the petition, not less than ten nor more than thirty days from the production of the will. Notice of the hearing shall be given by the judge by publishing the same in a newspaper of the county; if there is none, then by three written or printed notices posted at three of the most public places in the county. If the notice be published in a weekly newspaper, it must apear therein on at least three different days of publication, and if in a newspaper published oftener than once a week, it shall be so published that there must be at least '' . days from the first to the last day of publication, both the first and the last days being included. If the notice is by posting it must be given at least ten days before the hearing." Section 90 provides: "On the. hearing, it being first proved that notice. has been given as herein required, the court must hear the allegations and proofs of the parties, and order the issuing of letters of administration to the party best entitled thereto." Section 91 provides: "An entry in the minutes of the court, that the required proof was made and notice given, shall be conclusive evidence of the fact of such notice." Sections 90

and 91 no doubt indicate the legislative intention of making section 88 a jurisdictional step or essential requisite to jurisdiction.

In Beckett v. Selover, supra, the court said: "That our statute intended, not only that the jurisdictional facts should actually exist, but that proper notice should then be given to bring the parties before the court, in order to give it jurisdiction, would seem to be clear from its own language, which is exceedingly simple and precise. The statute prescribes what facts the petition and notice should contain, and the manner of giving notice, and the time; and then in the sixty-third section specifies how an entry may be made in the minutes, so as to be 'conclusive evidence of the fact of such notice.' The sixty-second section says, 'It being first proved that notice has been given according to law.' If giving notice was not necessary to give the court jurisdiction, then this particularity would not have been observed."

[4, 5] The statement is made in appellant's brief that the entire probate record, every single instrument, is contained and set out in full in the record herein. It appears from the record and the findings that a petition for the appointment of an administrator was made on the 28th day of November, 1898, and that on the same day the county court issued an order that said petition be heard on the 10th day of December, 1898, and that due notice thereof be given by publishing a copy of said order for three successive weeks, once in each week, in the Daily Huronite, a newspaper published in said county. The affidavit of the printer recites that the Daily Huronite was a weekly newspaper, and that the said notice was published for ten successive days, once in each day, in said newspaper. It will be observed that by the provisions of sections 88 and 39 such a notice may be published in either of three ways, viz., by posting notices, publishing once in each week for three weeks in a weekly newspaper, or for ten successive days in a daily newspaper. It is within the province of the county court, by order, to designate by which of these methods the notice shall be given, and having so designated none other is authorized, and it necessarily follows, under the circumstances of this case, that notice by publication in a weekly or daily newspaper for ten successive days was not a substantial compliance with the order of the court and was no legal notice at all, and that the only authorized publication that would confer jurisdiction on the county court was

publication for three successive weeks, once in each week. It appears from the recital in the order appointing the administrator that such order was based on the affidavit of the printer above referred to. "When the facts upon which a court assumes jurisdiction are recited in the record, and appear by it to have been such as would not in law confer jurisdiction, the judgment may be impeached collaterally; for in this case there can be no presumption in aid of the judgment that the recitals of the record are incorrect or incomplete." 23 Cyc. 1089. In Galpin v. Page, 18 Wall. 350, 21 L. Ed. 959, the court, among other things, said: "Presumptions are only indulged to supply the absence of evidence or averments respecting the facts presumed. They have no place for consideration when the evidence is disclosed or the averment is made. When, therefore, the record states the evidence or makes an averment with reference to a jurisdictional fact, it will be understood to speak the truth on that point, and it will not be presumed that there was any other or different evidence respecting the fact, or that the fact was otherwise than averred. * * * Were not this so, it would never be possible to attack collaterally the judgment of a superior court, although a want of jurisdiction might be apparent upon its face; the answer to the attack would always be that, notwithstanding the evidence or the averment, the necessary facts to support the judgment are presumed." We are therefore of the opinion that the county court never in any manner acquired jurisdiction over the titles or interest of the plaintiffs in said suit. Frank E. Mott voluntarily appeared in said proceedings and waived his right to administer in favor of Cannard, and the county court acquired jurisdiction over his interest and title alone.

[6, 7] Plaintiffs also attack the jurisdiction of the county court to render and enter the final decree of distribution on the ground that there never was a petition for final distribution or notice thereof that would conclude the rights of plaintiffs as heirs under the provisions of section 308, Probate Code, providing: "In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled, and such persons may demand, sue for and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees or devisees, subject only to be reversed, set aside, or

modified on appeal." · Section 310 provides that the decree of distribution may be made on the petition of the executor, administrator, or any person interested in the estate, and that notice of the application must be given by posting or publication and for such time as may be ordered. It is the contention of plaintiffs that in order to confer jurisdiction on the county court to render a decree of distribution there must be a petition therefor and notice thereof; that in the absence of either a petition or notice the court had no jurisdiction to proceed to distribution. Plaintiffs claim the record of the county court, shows there was no petition or service thereof. It will be observed that the decree of final distribution contains no recitals as to petition or service of notice or jurisdictional facts of any character. Section 332 provides that orders and decrees need not recite the existence of jurisdictional facts. This does not mean that such jurisdictional facts need not exist, or that they should not be shown by the judgment roll. Such orders and decrees are valid without such recitation of jurisdictional facts. When such an order or decree is entered, without such recitals, as against a collateral attack, the jurisdictional facts will be presumed, which presumption can only be overcome by the judgment roll itself. As against direct attack the lack of existence of jurisdictional facts may be shown by any competent evidence, whether appearing by the judgment roll or not.

[8] From the judgment roll of the county court it appears that on the 4th day of October, 1900, this administrator made verified petition as follows: "The petition of Desire Cannard, administrator of said John B. Mott's estate, respectfully represents that he has fully administered said estate, and paid all the debts of said deceased and the expenses of administration, as will appear by his account of his administration, and the vouchers therein referred to, and your petitioner would therefore pray that a time and place be fixed for examining and allowing said account, and that notice theerof be given, agreeably to the statute in such case made and provided, and as this court in its discretion may deem proper." It will be observed that no reference whatsoever is made to the subject of distribution in this petition, and that it does not at all purport to be a petition for distribution. Section 307, Probate Code, provides that upon final settlement, or at any subsequent time, application for distribution may be made. It seems to be

generally held under this section that distribution may be had and petition therefor made at the same time with final settlement, or at any time thereafter, but never before. Church, Probate Law & Prac. p. 1346; Estate of Sheid, 122 Cal. 528, 55 Pac. 328. Petition for distribution was not necesarily a part of the petition for final settlement; and distribution itself was also not necessarily a part of final settlement, but might be made at any later time. On the same date, October 4, 1900, the county court issued a notice, based on the foregoing petition for accounting, reciting that notice is hereby given that the said administrator has rendered and presented for final settlement and filed his final account and a petition for final distribution of said estate and that Saturday, the 3d day of November, 1900, has been appointed for final settlement of said account, and that at said time and place the residue of said estate will be distributed to such persons as are by law entitled thereto, clearly showing that the county court assumed to act and make such disribution by virtue of said petition for final accounting so made on the 4th day of October, 1900. Under the authorities heretofore cited, it will not be presumed that there was any other or different petition, and consequently the court was not authorized and had no jurisdiction to make distribution without petition therefor, and was not authorized to give notice of distribution without such petition. A petition in some form for distribution is one of the essential prerequisites, prescribed by the statute, to empower the county court to make distribution or to give notice thereof. The court, without any petition at all for distribution, had no power under any circumstances to proceed in the matter of distribution; without such a petition in some form, there was nothing to call upon the court to proceed. Jurisdiction, of the kind here involved, means he power to proceed. In the case of Teverbaugh v. Hawkins, 82 Mo. 180, the Supreme Court of Missouri held that a probate decree for distribution for the sale of decedent's land, without any petition therefor, was wholly void. Van Fleet's Collateral Attack, § 61.

[9] A proceeding for the determination of heirship for the purposes of distribution is not, strictly speaking, a civil action, but a "special proceeding" embraced within the scope "matters in probate." This procedure is exercised before a court of general jurisdiction, nevertheless, the jurisdictional requirements of the

statute must be strictly complied with. Church, Probate Law & Prac., 1321; Bunting's Estate, 30 Utah, 251, 84 Pac. 109. The opportunities and incentives for fraud in the deprivation of persons of valuable property rights, in cases where statutory constructive notice alone is permitted and held sufficient, and where actual notice is not required, are such that the courts should require the essential requisites of the statute to be strictly observed.

[10] Parties procuring judgments on statutory constructive notice alone should be held to be required to see to it that all jurisdictional steps are taken and made to appear in the judgment roll. The presumptions as to the validity of judgments of superior courts of general jurisdiction, rendering them immune from collateral attack, except when the invalidity affirmatively appears on he face of the record, is based upon the proposition that it renders real estate titles more stable and secure; and, as is urged in this case, that it is a hardship to deprive an innocent purchaser without notice, who has relied upon the regularity of such judgment, of the property so acquired. But the hardship is no greater nor more severe on the innocent purchaser than it is on the true owners of property who have been deprived thereof on statutory constructive notice alone, and without any notice or knowledge of the procedure by which it was done, or any opportunity given them to defend their titles. Such procedure may have the effect, and often does, of rendering the title of the true owner very insecure and unstable, and wholly without fault on his part, thereby accomplishing a result not within the reason of the rule but directly opposite thereto. It is within the province of the court to duly regard the rights of all the parties. In this case defendants are not innocent purchasers without notice. They are charged with notice of everything appearing on the face of the judgment roll in the probate proceeding.

We are of the opinion that it appears from the face of the judgment roll in the probate proceedings that the court had no jurisdiction to make or render the decree of distribution, and that such decree is void as against plaintiffs. It is not necessary to decide in this case whether the attack on said decree is direct or collateral, as the result would be the same in either event.

The judgment and order appealed from are affirmed.