In Re GUIDER'S ESTATE.

TALBOT, Appellant, v. GUIDER, Respondent.

(260 N. W. 828.)

(File No. 7744.   Opinion filed May 20, 1935.)

496

*John R. Russell,* of Deadwood, and *Ray E. Watson,* of Webb City, Mo., for Appellant.

*Kellar & Kellar,* of Lead, for Respondent.

WARREN, P. J.   Blanche R. Guider of Lawrence county, S. D., died intestate on the 21st day of January, 1933.   She left surviving her a husband, Thomas J. Guider, and no issue.   Martha E. Talbot, mother of deceased, is the appellant in this case; decedent's father having preceded her in death.   At the time of her death deceased was possessed of real and personal property in Lawrence county, S. D.   It consisted of a half interest in a frame dwelling house, which was the homestead of deceased and her husband, and which was valued at $200, also certain stocks which at the time of filing the petition for probate were estimated at $15,783.   On February 21, 1933, an inventory and appraisement was filed in the estate fixing the value of the half interest in the dwelling at $200 and the miscellaneous stocks at $15,783, or a total estate of $15,983.   In August, 1933, the mother of deceased, Martha E. Talbot, entered an appearance and claimed to be one of the heirs of said decedent.   Certain proceedings were thereafter had to determine the heirship, at which time it is contended that the approximate value of said estate was $30,000 by reason of the enhancement in value of the Homestake Mining Company stock belonging to said estate.   In January, 1934, the county court of Lawrence county, S. D., entered its final decree of distribution and decreed Thomas J. Guider to be the sole and only heir of decedent and distributed all the property of said estate to him.   Martha E. Talbot perfected an appeal from the decision of said county court to the circuit court of Lawrence county, S. D.   After a hearing in the circuit court of Lawrence county, said court in June, 1934, rendered a decision and judgment in favor of Thomas J. Guider.   Findings of fact, conclusions of law, and a judgment were accordingly entered decreeing all of said property to decedent's husband, Thomas J. Guider.   Appellant thereafter perfected an appeal to this court from said judgment.

Appellant presents but two assignments of error. In her first assignment of error she contends that at the time of the distribution the property was of the value of $32,433; that under the laws of succession of South Dakota, she, as the surviving mother of said deceased is entitled to half of said estate over and above the first $20,000. The second assignment of error is directed against the court's entering its final judgment and decree in favor of Thomas J. Guider, the surviving husband, as being contrary to law and prejudicial to the rights of the appellant. Both the assignments of error are claimed to be founded on the same legal objections, and have therefore been argued together. The question before us therefore is one of law as to whether or not Thomas J. Guider is the sole heir of his deceased wife, Blanche R. Guider. There seems to be no controversy as to the value of the estate at the time Blanche R. Guider died. The record fails to show and we can find no contention that the value of the estate was greater than $15,983 at the time of her death. It is, however, conceded that, due to the sudden rise of Homestake Mining stock, which stock comprises the principal asset of the estate, that at the time of the distribution and entry of the decree the assets of the estate were $32,433.

The law relating to succession and which is applicable to the facts before us is found in chapter 186 of the 1923 South Dakota Session Laws, and provides: "2. If the decedent leaves no issue and the estate does not exceed in value twenty thousand dollars, all the estate goes to the surviving husband or wife; if the estate exceeds twenty thousand dollars, then the first twenty thousand dollars goes to the survivor, and of all property in excess of twenty thousand dollars in value, one-half goes to the surviving husband or wife, and the other half goes to the decedent's father and mother in equal shares, and if either is dead, the whole goes to the other, but if neither survive then such portion goes in equal shares to the brothers and sisters of the decedent and to the children or grandchildren of any deceased brother and sister by right of representation. * * *"

The appellant claims that the estate is over $20,000 in value, and that the appellant is entitled to be benefited by the overplusage of the $20,000 pursuant to the statute that only half of the excess of the $20,000 goes to the husband or wife surviving, and the other half goes to the decedent's father and mother in equal shares.

Such being the contention, we are confronted with the question as to what time the value of the estate must be fixed. Is it fixed as of the date of death, or at the time the county court enters its order of distribution? The passing and vesting of property in the heirs is governed by our statute on succession. Section 700 of the 1919 Revised Code of South Dakota reads as follows: "The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration."

It will be observed that property, both real and personal, of one who dies without disposing of it by will passes to the heirs of the intestate, subject, however, to the control of the county court and the possession of the administrator. This court in Carter et al v. Frahm et al, 31 S. D. 379, 392, 141 N. W. 370, 373, held that immediately at the instant of death the heirs succeeded to their undivided interest to the real estate by the laws of succession, and further stated that no title originated from the decree of distribution, but that the decree had the effect of releasing the title of which the heir became invested upon the death of the ancestor, and that the administration to which it was subjected furnished the heir with the legal evidence establishing his title, and we quote: "The title of the heir under the law of succession of this state, originates on the death of the ancestor by virtue of section 1093, Civil Code."

Section 700 embraces under the term "property" both real and personal property, hence the personal as well as the real property passes immediately at the instant of death to the heirs.

In an earlier decision this court recognized the vesting of the property upon the death of the owner and also that the personal estate was upon a par with the real property. In Elder v. Horseshoe Mining & Milling Co., 9 S. D. 636, 70 N. W. 1060, 1063, 62 Am. St. Rep. 895, this court said: "At the time this notice was published the title to a one-half interest in the claim was in the heirs, subject to the lien of the administrator for administration purposes, and had been since the death of Wilsey. Comp. Laws, §§ 3400, 5772, 5860, 5862; In re Woodworth's Estate, 31 Cal. 595; Meeks v. Hahn, 20 Cal. [620] 627; Brenham v. Story, 39 Cal. 179; Janes v. Throckmorton, 57 Cal. 368; Beckett v. Selover, 7

Cal. [215] 238 [68 Am. Dec. 237]. It was said in the latter case 'that both the real and personal estate of the intestate vests in the heir, subject to the lien of the administrator for the payment of debts and the expenses of administration, and with the right of the administrator to present possession.' "

In Jacquish v. Deming, 40 S. D. 265, 167 N. W. 157, 158, this court held that pursuant to section 1093, Civil Code of Revised Codes of South Dakota 1903, that the property, both real and personal, of one who died without disposing of it by will passed to the heirs of the intestate subject to the control of the county court and to the possession of any administrator appointed by the court, and citing Carter v. Frahm, supra, said: "No title originates from a decree of distribution of the county court. Such decree has no other effect than to release the title of which the heirs became vested, on the death of the ancestor, from the conditions of administration to which it was subject, and to furnish the heir with legal evidence of such release."

In Thomas v. Morristown State Bank, 53 S. D. 499, 221 N. W. 257, 259, this court, in passing upon the title to the decedent's personal property, said: "In South Dakota, California, and perhaps some other states, personal property now descends, as in case of real estate, direct to the heir or legatee subject to a qualified right in the personal representative for purposes of administration. * * * "

It therefore seems that upon the death of the intestate the heir becomes vested at once with full property subject to liens, possession and rights of administration by the administrator. Therefore, a final decree of distribution of a probate court does not create title in the heir, but simply releases the title already vested in him under our statutes, which provide that the property of one dying intestate shall on his death pass to the heir. Thus at the moment that Blanche R. Guider departed this life the property and right of inheritance became fixed and vested in her husband, subject, of course, to administration. The value of the property at that moment fixed the amount of property owned by the decedent, and it is immaterial what the value was at the time of the distribution. The distribution merely created a paper title to the property to the heir through the laws of succession. No title originates from the

decree of distribution. The heirship must be determined as of the date of death, and the value of such estate as a factor in determining such heirship must necessarily be taken as of the date of death.

We have carefully considered the authorities cited in appellant's argument, but we are unable to see how they are applicable to the facts before us. We hold that the lower court was not in error, and that it entered proper findings, conclusions, and judgment.

The judgment appealed from is affirmed.

All the Judges concur.